UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
(OCALA DIVISION)

| | |
|---|---|
| NEIL DYER, | § |
| Plaintiff, | § Case No. 5:18-cv-000323-JSM-PRL |
| vs. | § |
| BANK OF NEW YORK MELLON and JP MORGAN CHASE BANK, N.A., | § Dispositive Motion to Dismiss |
| Defendant. | § |

## DEFENDANT THE BANK OF NEW YORK MELLON'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, The Bank of New York Mellon (erroneously named as Bank of New York Mellon, hereinafter referred to as "BONY" or "Defendant"), by and through its attorneys, McGlinchey Stafford, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves to dismiss Plaintiff's, Neil Dyer ("Plaintiff"), Complaint and states as follows:

### PRELIMINARY STATEMENT

This action stems from the foreclosure of a mortgage loan Plaintiff received, which was secured by the subject property (the "Property"). Plaintiff defaulted under the loan, and foreclosure proceedings were commenced in the Circuit Court for Lake County, Florida (the "State Court") (the "Foreclosure Action").[1] The Foreclosure Action proceeded to trial, and Final Judgment was entered in favor of BONY. Plaintiff thereafter appealed the Final Judgment

---

[1] Defendant requests that the Court take judicial notice of the Foreclosure Action, and specifically the court's docket from the Foreclosure Action, attached hereto as Exhibit "A." See Fed. R. Evid. 201 (stating that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); Horne, 392 F. App'x at 802 (finding that pleadings, orders, and other documents from a prior action are "'not subject to reasonable dispute' because they [a]re 'capable of accurate and ready determination by resort to sources whose accuracy [cannot] reasonably be questioned'" and also stating "[a] district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment").

1351738.1

and the Judgment was affirmed. Now, almost three years after entry of the Final Judgment, on April 5, 2018, Plaintiff filed a two count Complaint against Defendants for negligent misrepresentation and violations of the Florida Consumer Collection Practices Act ("FCCPA") all premised on the submission of the promissory note in the Foreclosure Action, which Plaintiff now claims was not in fact an original document. [D.E. 2]. The Complaint is subject to dismissal because Plaintiff has failed to state a claim upon which relief can be granted. As such and detailed herein, the Court should grant the Motion and dismiss the Complaint with prejudice, as amendment would be futile.

## MEMORANDUM OF LAW

Plaintiff's Complaint should be dismissed pursuant to Rule 12(b) because his claims are barred by the doctrines of res judicata, the litigation privilege, statute of limitations, and the Complaint is otherwise deficient.

### I.  RELEVANT FACTUAL ALLEGATIONS

On March 28, 2003, Neil Dyer executed and delivered a note in favor of HomeBanc Mortgage Corporation (the "Note"), and Plaintiff executed a mortgage secured by the Property, which is recorded in Official Records Book 02288, Page 1303, of the Public Records of Lake County, Florida (the "Mortgage," and together with the Note, the "Loan").

Plaintiff defaulted under the Loan, and BONY commenced the Foreclosure Action on October 17, 2013. See Exh. A. After BONY filed the complaint in the Foreclosure Action, Plaintiff filed an answer and contested the Foreclosure Action. See Exh. A. Thereafter, on June 17, 2014, a trial was held in the Foreclosure Action, and the Final Judgment was entered in favor of BONY.[2] Plaintiff moved to set aside the Final Judgment, which was denied, and thereafter

---

[2] Defendant requests that the Court take judicial notice of the Final Judgment of Foreclosure entered in the Foreclosure Action, a copy of which is attached hereto as Exhibit "B." See supra note 1.

appealed the Final Judgment. See Exh. A. The Fifth District Court of Appeals affirmed the Judgment on March 29, 2016.[3] See Exhs. A and C. Consequently, the foreclosure sale of the Property went forward in the Foreclosure Action and Certificate of Title has been issued. See Exh. A.

On April 5, 2018 Plaintiff filed the Complaint in this case – almost 3 years after the entry of the Final Judgment and more than 2 years after affirmation of the Final Judgment. [D.E. 2]. In the Complaint, Plaintiff asserts claims based on negligent misrepresentation and violation of the FCCPA premised on BONY's submission of the Note in the Foreclosure Action, which Plaintiff now claims is not an original document. Id. On June 6, 2018, BONY filed a Motion for Extension of Time to Respond to Complaint. [Exh. E to D.E. 1]. An Agreed Order was entered granting BONY's Motion and allowing BONY until July 16, 2018, to file a response to the Complaint.

## II.  STANDARD OF REVIEW

"[T]he purpose of a motion under Federal Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief." See Wright & Miller, Federal Practice & Procedure § 1356 (2004). In reviewing and deciding a motion to dismiss pursuant to Rule 12(b)(6), generally "'[a] court limits its consideration to the pleadings and exhibits attached thereto.'" Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting GSW, Inc. v. Long Cnty., 999 F.2d 1508, 1510 (11th Cir.1993)). "[W]here [a] plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then [a] [c]ourt may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's

---

[3] Defendant requests that the Court take judicial notice of the decision from the Fifth District Court of Appeals, a copy of which is attached hereto as Exhibit "C." See supra note 1.

attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." Brooks, 116 F.3d at 1369 (citation omitted).

Additionally, "[a] district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment." Horne, 392 F. App'x at 802 (taking judicial notice of documents in a prior court action, "which were public records that were 'not subject to reasonable dispute' because they were 'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned'") (citing Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1278 (11th Cir. 1999)).

In considering such pleadings and exhibits, the court must accept well-pled factual allegations as true and view the allegations in the light most favorable to the non-moving party. Castro v. Sec'y of Homeland Sec., 472 F.3d 1334, 1336 (11th Cir. 2006); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). However, "'labels and conclusions'" or "'a formulaic recitation of the elements of a cause of action'" that amount to "'naked assertions'" will not suffice. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 677 (quoting Twombly, 550 U.S. at 570). The pleading requirements announced in Rule 8 "demand[] more than [an] unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

## III. DISCUSSION

Plaintiff raises the following counts: Count I (Negligent Misrepresentation); and Count II (FCCPA). [D.E. 2]. Both claims are wholly without merit as they are premised on an unsupported theory that the original blue ink note filed with the court in Lake County Case No. 2013-CA-002850, is not in fact an original document.

### A.     Count I should be dismissed as it is barred by res judicata.

Count I of Plaintiff's Complaint, as it applies to BONY, is barred by the doctrine of res judicata because the facts and issues that form the basis of said claim were necessarily decided by entry of the Final Judgment in the Foreclosure Action, and affirmation of the Judgment by the Fifth District Court of Appeal. See Exhs. B and C.

"Res judicata or claim preclusion refers to the preclusive effect of a judgment in foreclosing relitigation of matters that were litigated or could have been litigated in an earlier suit." I.A. Durbin, Inc. v. Jefferson Nat. Bank, 793 F.2d 1541, 1549 (11th Cir. 1986) (citations omitted). "In order for the doctrine of res judicata to bar a subsequent suit, four elements must be present: (1) there must be a final judgment on the merits, (2) the decision must be rendered by a court of competent jurisdiction, (3) the parties, or those in privity with them, must be identical in both suits; and (4) the same cause of action must be involved in both cases." Id. (citations omitted).

"The purpose behind the doctrine of res judicata is that the 'full and fair opportunity to litigate protects [a party's] adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.'" Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999) (alteration in original). "Res judicata bars the filing of claims which were raised or could have been raised in an earlier proceeding." Id. (emphasis added). A party is not permitted a "second bite at the apple[] should their first action prove unsuccessful. This is textbook res judicata." Id. at 1240. Res judicata bars matters that could have been raised. Youngblood v. Taylor, 89 So. 2d 503, 505 (Fla. 1956).

Here, the required elements of res judicata are satisfied. As to the first and second elements, the Final Judgment was entered in the Foreclosure Action on August 17, 2015 by a court of competent jurisdiction, that is, the State Court. See Exhs. A and B. Regarding the third element, the Plaintiff in this case was the defendant in the Foreclosure Action and Defendant BONY was the plaintiff in the Foreclosure Action. Id. Finally, the fourth element is satisfied because Plaintiff's negligent misrepresentation claim is based on the notion that the original note surrendered in the Foreclosure Action was not the true original note. The issue of the original note and thus BONY's standing was decided in the Foreclosure Action wherein the court took into account the evidence presented and found Defendant had standing and entered the Final Judgment. Any issues Plaintiff had with the original note could have and should have been raised at the trial in the Foreclosure Action or on appeal. Accordingly, Plaintiff's claim for negligent misrepresentation is barred by res judicata. See I.A. Durbin, Inc., 793 F.2d at 1549.

Because Plaintiffs' claims are barred by the doctrine of res judicata, the Complaint should be dismissed with prejudice, as amendment would be futile.

**B.  Count II is due to be dismissed as barred by res judicata, the litigation privilege, statute of limitations, and a foreclosure lawsuit is not an act to collect a debt and hence does not invoke the FCCPA.**

Plaintiff has asserted bare legal conclusions in support of his allegations of Count II, violations of the FCCPA. There are no factual allegations in regards to Plaintiff's alleged violations of the FCCPA and for that reason alone this Count is due to be dismissed. Twombly, 550 U.S. at 555. Nevertheless, to the extent the Plaintiff is alleging the filing of the prior Foreclosure Action (Lake County Case No. 2013-CA-002850) and the use of the Note in that case is a violation of the FCCPA, the claim is barred by the doctrine of res judicata for the same

reasons as set forth in Section III(A) as both claims are premised on the issues that were previously litigated.

Plaintiff's claim additionally fails to state a cause of action as a matter of law as the filing of the Foreclosure Action is protected by the litigation privilege and therefore, cannot subject BONY to liability. The Florida Supreme Court has held that:

> [T]he litigation privilege applies across the board to actions in Florida, both to common law causes of action, those initiated pursuant to a statute or of some other origin. Absolute immunity must be afforded to any act occurring during the course of a judicial proceeding...so long as the act has some relation to the proceeding.

Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole, 950 So. 2d 380 (Fla. 2007). Therefore, acts that occurred by BONY in regards to the prior Foreclosure Action are protected by the litigation privilege and thus, cannot subject BONY to liability.

Plaintiff's FCCPA claim additionally fails because the statute of limitations bars actions more than two years from the date of the alleged incident. See Fla. Stat. §559.77(4). BONY's Foreclosure Action was filed on October 17, 2013, in which the alleged non original note was surrendered to the court. Plaintiff filed his Complaint on April 5, 2018. Thus, Plaintiff's Complaint was filed more than two years after the alleged violation would have occurred and hence his FCCPA count is due to be dismissed.

Furthermore, Fla. Stat. 559.77(5) of the FCCPA provides that, "when applying the provisions of the FCCPA, 'great weight shall be given to the interpretations of...the federal courts relating to the federal Fair Debt Collection Practices Act ("FDCPA").'" Trent v. Mortgage Electronic Registration Systems, Inc., 618 F. Supp. 2d 1356, 1361 (M.D. Fla. 2007). Mortgage foreclosure is not "debt collection" because the FDCPA defines a "debt" as an "obligation or alleged obligation of a consumer to pay money," 15 U.S.C. § 1692a(5), and "foreclosing on a

mortgage 'is distinct from the collection of the obligation to pay money.'" Id. at 1360. As the FCCPA was modeled after the FDCPA, this analysis equally applies to Plaintiff's FCCPA claim. Id. at 1361. "Thus, the filing of a foreclosure lawsuit is not a debt collection practice under the FCCPA Fla. Stat. §559.72." Id. Consequently, Plaintiff's FCCPA claim is due to be dismissed.

In light of the foregoing, Count II of Plaintiff's Complaint should be dismissed with prejudice.

## IV.  CONCLUSION

In light of the foregoing, Plaintiff's Complaint should be dismissed in its entirety, with prejudice.

WHEREFORE, BONY respectfully requests that this Court enter an Order dismissing the Complaint with prejudice, and for such further relief this Court deems just and proper.

Respectfully submitted,

McGLINCHEY STAFFORD

*/s/ Gina L. Bulecza*
Shaun K. Ramey, Esq.
Florida Bar #117906
Gina L. Bulecza, Esq.
Florida Bar # 57867
10407 Centurion Parkway N., Suite 200
Jacksonville, FL 32256
(904) 224-4449 (telephone)
(904) 212-1491 (facsimile)
gbulecza@mcglinchey.com
sramey@mcglinchey.com
mnew@mcglinchey.com
*ATTORNEYS FOR DEFENDANT,*
*THE BANK OF NEW YORK MELLON*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been filed via the CM/ECF system and served via the following manner, this 16th day of July, 2018, to the following:

Allan Campbell, Esq.
The Law Office of Allan Campbell
100 Colonial Center Pkwy, Suite 140
Lake Mary, FL 32746
ask.our.assistant1@gmail.com; ask.our.assistant3@gmail.com; attyacampbell@aol.com
Counsel for Neil Dyer

Andrea Roebuck, Esq.
Allegiant Law, PA
2170 W. State Road 434, Suite 260
Longwood, FL 32779
assistant1.allegiant@gmail.com; aty.assistant@gmail.com; ammrroebuck@gmail.com
Co-Counsel for Neil Dyer

Matthew D. Morton, Esq.
McCalla Raymer Leibert Pierce, LLC
225 E. Robinson Street, Suite 155
Orlando, FL 32801
MRService@mccalla.com
Counsel for JP Morgan Chase Bank, N.A.

/s/ Gina L. Bulecza
Attorney