UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

NEIL DYER,
 Plaintiff,

v.                                                        Case No: 5:18-cv-00323-JSM-PRL

BANK OF NEW YORK MELLON and JP
MORGAN CHASE BANK, NA,
 Defendants.
 _____/

DEFENDANT JP MORGAN CHASE BANK, N.A'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, JPMorgan Chase Bank, N.A. ("Chase"), by and through its undersigned counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves to dismiss the Complaint filed by Plaintiff, Neil Dyer ("Dyer") and, in support thereof, would state as follows:

1. On or about March 28, 2003, Neil Dyer entered into a promissory note with HomeBanc Mortgage Corporation ("Note") with same being secured by a mortgage as recorded in Official Records Book 02288, Page 1303 of the Public Records of Lake County, Florida ("Mortgage").

2. Plaintiff Dyer subsequently defaulted under the terms of the Note and Mortgage resulting in a mortgage foreclosure action being filed and ultimately determined against Plaintiff Dyer via final judgment of foreclosure.

3. After appeals and attempts to overturn the final judgment were unsuccessful, the real property secured by the Mortgage was ultimately sold by judicial process.

4. Defendant Chase requests that the Court take judicial notice of the foreclosure action filed against Plaintiff in Lake County, Florida in Lake County Case No: 2013-CA-002850 ("Foreclosure Action").

5. The Complaint filed in this matter by Plaintiff Dyer allege causes of action for negligent misrepresentation and violation of the FCCPA.

## MEMORANDUM OF LAW

6. In considering a motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the "court limits its consideration to the pleadings and exhibits attached thereto." Grossman v. Nationsbank, N.A., 225 F. 3d 1228, 1231 (11th Cir. 2000) (quoting GSW, Inc.v. Long Cnty., 999 F.2d 1508, 1510 (11th Cir. 1993)).

7. Further, a "district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment." Horne, 392 F. App'x at 802 (citing Bryant v. Avado Brands, Inc., 187 F. 3d 1271, 1278 (11th Cir. 1999)).

8. The basis of the complaint filed by Plaintiff in this matter is the unsupported allegation that the original note filed in the Foreclosure Action is not an original document.

## COUNT I – NEGLIGENT MISREPRESENTATION

9. Count I of Plaintiff Dyer's complaint alleges a cause of action for negligent misrepresentation.

10. Such count should be dismissed for *res judicata* as the court in the Foreclosure Action reviewed and determined the status of the original note when entering the final judgment in the Foreclosure Action. Such action was affirmed by the appellate court in its decision to affirm the entry of final judgment.

11. As such, the claims over whether the original note was in fact an original has already been conclusively determined and decided by a court of competent jurisdiction.

12. "In order for the doctrine of res judicata to bar a subsequent suit, four elements must be present: (1) there must be a final judgment on the merits, (2) the decision must be rendered by a court of competent jurisdiction, (3) the parties, or those in privity with them, must be identical in both suits; and (4) the same cause of action must be involved in both cases." I.A. Durbin, Inc. v Jefferson Nat. Bank, 793 F.2d 1541, 1549 (11th Cir. 1986).

13. A party does not receive a "second bite at the apple should their first action prove unsuccessful." Ragsdale v. Rubbermaid, Inc., 193 F. 3d 1235, 1238 (11th Cir. 1999).

14. In this case, the Complaint filed by Dyer does not make any specific allegations against Defendant Chase; however, the general allegations would be considered resolved by *res judicata* arising out of the judgment entered in the Foreclosure Action.

15. Any issues that could have and should have been resolved relating to the original note should have been addressed and raised at the trial in the Foreclosure Action or on appeal.

16. As such, Plaintiff's complaint for negligent misrepresentation against Defendant Chase is barred by *res judicata* and should be dismissed with prejudice against Defendant Chase.

## COUNT II – FCCPA

17. Count II of Plaintiff Dyer's complaint alleges a cause of action for violation of the FCCPA.

18. The Complaint filed by Dyer in this matter makes no specific allegations against Defendant Chase in this Count and does nothing more than offer a mere recitation of the Florida Statute defining violations without attributing any actions or identifying any actual violations that occurred.

19. In furtherance of this, Plaintiff Dyer includes a reference to Fla. Stat §559.715, which has been determined to be inapplicable to mortgage foreclosure actions by various appellate courts in the state of Florida. *See* Brindise v U.S. Bank Nat. Ass'n, 183 So. 3d 1215 (Fla. 2d DCA 2016) and its progeny.

20. In the event that Plaintiff is attempting to use the same theory that the original note filed in the Foreclosure Action is not an original as its basis for a violation of the FCCPA, Defendant Chase would assert *res judicata* as set out in Paragraphs 9-14 above.

21. Further, this cause of action is prohibited as it is outside of the statute of limitations for this action.

22. The Foreclosure Action was filed on or about October 17, 2013 with the Final Judgment of Foreclosure entered on August 18, 2015 and the order affirming the Final Judgment of Foreclosure was entered on March 29, 2016 and received by Lake Count on April 1, 2016.

23. Fla. Stat. §559.77(4) provides for a two (2) year statute of limitations from the date of the alleged incident for violations of the FCCPA.

24. Even assuming the date of affirmance on appeal of March 30, 2016 as the time from which the statute of limitations begins to run, this case was filed on April 5, 2018 which is outside the two (2) years statute of limitations for any such violation.

25. Mortgage foreclosures have been determined to not fall within the definition of debt collection. Trent v. Mortgage Electronic Registration Systems, Inc., 618 F. Supp. 2d 1356, 1361 (M.D. Fla. 2007).

26. Finally, the litigation privilege would apply in this matter to any actions arising during and out of the foreclosure action. Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole, 950 So. 2d 380 (Fla. 2007).

27.     For all of these reasons, the count relating to violation of the FCCPA filed by Plaintiff Dyer should be dismissed with prejudice against Defendant Chase.

WHEREFORE, Defendant Chase respectfully requests that Plaintiff's Complaint should be dismissed in its entirety with prejudice.

This 13th day of August, 2018.

                                                Respectfully submitted,

/s/ *Matthew D. Morton*

Matthew D. Morton, Esq.
McCalla Raymer Leibert Pierce, LLC
Attorney for Defendant Chase
225 E. Robinson St. Suite 155
Orlando, FL 32801
Phone: (407) 674-1850
Fax: (321) 248-0420
Email: MRService@mccalla.com
Fla. Bar No.: 415332

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 13th day of August, 2018, I filed the foregoing with the Clerk of the Court. I further certify that this day I mailed the foregoing document via electronic mail to the following counsel:

Andrea Roebuck, Esq.
Allegiant Law, PA
2170 W. State Road 434, Suite 260
Longwood, FL 32779
aty.assistant@gmail.com
ammrroebuck@gmail.com

Gina L. Bulecza, Esq.
10407 Centurion Parkway N, Ste. 200
Jacksonville, FL 32256
mnew@mcglinchey.com
gbulecza@mcglinchey.com
sramey@mcglinchey.com

/s/ Matthew D. Morton
Matthew D. Morton, Esq.
McCalla Raymer Leibert Pierce, LLC
Attorney for Defendant Chase
225 E. Robinson St. Suite 155
Orlando, FL 32801
Phone: (407) 674-1850
Fax: (321) 248-0420
Email: MRService@mccalla.com
Fla. Bar No.: 415332

18-01004