UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
(OCALA DIVISION)

| | |
|---|---|
| NEIL DYER,<br><br>    Plaintiff,<br><br>vs.<br><br>BANK OF NEW YORK MELLON and JP MORGAN CHASE BANK, N.A.,<br><br>    Defendant. | §<br>§<br>§ Case No. 5:18-cv-000323-JSM-PRL<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>/ |

### DEFENDANT THE BANK OF NEW YORK MELLON'S
### MOTION FOR SANCTIONS AGAINST PLAINTIFF AND PLAINTIFF'S COUNSEL

Defendant, The Bank of New York Mellon (erroneously named as Bank of New York Mellon, hereinafter referred to as "BONY" or "Defendant"), by and through its attorneys, McGlinchey Stafford, and pursuant to Rule 11, Federal Rules of Civil Procedure ("Rule(s)"), files this Motion for Sanctions against Plaintiff, Neil Dyer ("Plaintiff"), and Plaintiff's Counsel, Allen Campbell and Andrew Roebuck, and would show unto the Court the following, to-wit:

### PRELIMINARY STATEMENT

This is a request for an award reimbursing the Defendant for its time and expense incurred in defending against this frivolous action filed by Plaintiff. The action has no reasonable chance of success, under well-established law, and the Plaintiff knew or should have been aware of that fact. Nevertheless, the Plaintiff is continuing to pursue this action, without making a reasonable inquiry into existing law, despite being given an opportunity to dismiss or correct same more than twenty-one (21) days from this filing. See Rule 11 Notice Letter attached as Exhibit "A" hereto.

1351798.1

Plaintiff is alleging negligent misrepresentation concerning the original note filed in a related closed foreclosure action (Lake County Case No. 2013-CA-002850) and violations of the Florida Consumer Collection Practices Act ("FCCPA") premised on the same facts, even though he has no legal basis to do so. The court in the foreclosure action has determined the note to be an original whereby a Final Judgment was entered against the Plaintiff on August 17, 2015. A copy of the Final Judgment is attached hereto as Exhibit "B". Plaintiff appealed the Final Judgment but it was upheld by the District Court of Appeals. A copy of the District Court of Appeals decision is attached hereto as Exhibit "C". Plaintiff's argument is entirely unsupported by existing case law and is a frivolous attempt to collect monetary damages and unduly harass the Defendants. Consequently, Rule 11 sanctions are warranted.

## RELEVANT FACTUAL HISTORY

1. On March 28, 2003, Neil Dyer, Plaintiff executed a note in the amount of $228,000.00 in favor of HomeBanc Mortgage Corporation (the "Note"), and a mortgage recorded in Official Records Book 02288, at Page 1303, in the Public Records of Lake County, Florida (the "Mortgage," and together with the Note, the "Loan"), securing the real property located at 11243 Preston Cove Road, Clermont, Florida 34711 (the "Property").

2. On October 17, 2013, Defendant filed a Complaint to Foreclose Mortgage (Lake County Case No. 2013-CA-002850) against Plaintiff for his failure to make the payment due for February 1, 2011, and all subsequent payments.

3. Defendant's foreclosure action proceeded to a non-jury trial and a Final Judgment was subsequently entered on August 17, 2015, based on the evidence presented to the court, including the surrender of the original note to the court. See Exh. B.

4. Plaintiff thereafter appealed the entry of the Final Judgment and the Fifth District Court of Appeals affirmed the Final Judgment on March 29, 2016 (Case No. 5D15-3279). See Exh. C.

5. Since the entry of the Final Judgment and the affirmation of same by the Fifth District Court of Appeals, Plaintiff has filed in the Middle District of Florida, for Chapter 11 bankruptcy protection twice (Case No. 6:15-bk-08878-CCJ and 6:15-bk-03706-CCJ) and Chapter 13 bankruptcy protection once (Case No. 6:17-bk-02012-CCJ), wherein this Loan was included in Plaintiff's bankruptcy petitions thereby acknowledging and admitting to the owed debt.

6. Despite the aforementioned trial court ruling, affirmation by the Fifth Circuit Court of Appeals, and multiple bankruptcy filings whereby Plaintiff admitted to owing the debt, on April 5, 2018, Plaintiff filed a two count Complaint against Defendants for negligent misrepresentation and violations of the FCCPA. [D.E. 2]

7. On June 25, 2018, this case was removed to the United States District Court for the Middle District of Florida. [D.E. 1]

8. For the reasons set forth below, this Court should grant this Motion because the Plaintiff's claims are based on a legal theory that is entirely unsupported by fact or law, and this case was filed in bad faith for an improper purpose.

## **MEMORANDUM OF LAW**

The Court should impose sanctions against the Plaintiff pursuant to Rule 11 because he filed and continues to prosecute objectively and patently frivolous claims, and the Plaintiff and his counsel knew or should have been aware that the claims were frivolous when they filed the present case.

## I. STANDARD OF REVIEW

Rule 11 provides in relevant part as follows:

> **(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Further, Rule 11 provides that if, after notice and a reasonable opportunity to respond, subsection (b) is violated, that the Court may impose appropriate sanction upon attorneys, law firms, or parties that have violated subsection (b). The Advisory Committee notes to the 1993 Amendments note that Rule 11:

> emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting on a position after it is no longer tenable and by generally providing protection against sanctions if they withdraw or correct contentions after the potential violation is called to their attention.

"The goal of Rule 11 sanctions is to 'reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers.'" Massengale v. Ray, 267 F.3d 1298, 1302

4

(11th Cir. 2001) (citation omitted). Courts evaluate frivolous claims under Rule 11 in view of an objective standard; that is, whether conduct is "'reasonable[] under the circumstances' and 'what was reasonable to believe at the time' the pleading was submitted." Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998). The Eleventh Circuit Court of Appeals requires a court to employ a two-step inquiry to determine "(1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous." Id. "Rule 11 sanctions are warranted when a party files a pleading that (1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) is filed in bad faith for an improper purpose." Id.

Rule 11 applies equally to pro se parties and parties that are represented. See Sussman v. Salem, Saxon & Nielsen, P.A., 150 F.R.D. 209, 213 (M.D. Fla. 1993) (citing Business Guides, Inc. v. Chromatic Commun. Enter., Inc., 498 U.S. 533, 540-47, 111 S.Ct. 922, 928-31 (1991)). "Even if counsel had a good faith belief that the claims were sound, sanctions must be imposed if counsel failed to make a reasonable inquiry" E-Core IT Solutions, LLC v. Unation, LLC, 2014 WL 5454461 at *2 (M.D. Fla. 2014), citing Worldwide Primates, Inc. v. McGreal, 87 F.3d 1252, 1254 (11th Cir. 1996), because "'[a] finding of bad faith is [nevertheless] warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent.'" Diaz v. First Marblehead Corp., 2014 WL 7251648 at *4 (M.D. Fla. 2014), quoting In re Walker, 532 F.3d 1304, 1309 (11th Cir. 2008) (discussing bad faith in the context of Rule 11 and 28 USC §1927).

By filing a pleading with the Court, "an attorney certifies to the best of his or her knowledge, information, and belief, **formed after an inquiry reasonable under the**

**circumstances**, that the legal contentions are warranted by existing law or by a nonfrivolous argument for extending or modifying existing law, or for establishing new law, and that the factual contentions have evidentiary support (or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery)." Rekal Co., Inc. v. PGT Industries, Inc., 2013 WL 5487373, *1 (M.D. Fla. 2013) citing Fed. R. Civ. P. 11(b)(2-3); Lee v. Mid-State Land & Timber Co., Inc., 285 F. App'x 601, 608 (11th Cir. 2008) (emphasis supplied). Rule 11 sanctions against an attorney or law firm are appropriate where a reasonable inquiry is not performed prior to filing a pleading. Lee, 285 F. App'x at 608. In fact, "sanctions **must** be imposed if the attorney failed to make a reasonable inquiry." Id., citing Worldwide Primates, Inc. v. McGreal, 87 F. 3d 1252, 1254 (11th Cir. 1996) (emphasis supplied).

Specific to the claims at issue in the current case, sanctions are appropriate when a party asserts frivolous claims for quiet title and declaratory relief in an attempt to terminate a valid mortgage. See Fid. Land Trust Co., LLC v. Mortgage Elec. Registration Sys., Inc., 2012 WL 6720994 (M.D. Fla. Dec. 4, 2012) (unpublished) report and recommendation adopted, 2012 WL 6720992 (M.D. Fla. Dec. 24, 2012) (unpublished) (finding the plaintiffs' attempt to terminate a valid mortgage through claims for declaratory relief and quiet title to be "frivolous" and "without merit" and awarding sanctions pursuant to the inherent power of the court); Badgley v. Suntrust Mortg., Inc., 134 So. 3d 559 (Fla. 5th DCA 2014) (finding dismissal of the complaint with prejudice proper, and an award of attorney's fees as a sanction against the plaintiff and her attorney appropriate). A court acts well within its discretion in awarding the moving party its reasonable attorney's fees, costs, and expenses incurred as a result of a Rule 11 violation. See Massengale, 267 F.3d at 1302.

6

## II. DISCUSSION

Applying the clear meaning of both statutory and case authority, it is beyond dispute that the claims alleged in the complaint are objectively and patently frivolous. Plaintiff advances two counts in his Complaint against BONY and JP Morgan Chase Bank, N.A.: (1) Negligent Misrepresentation; and (2) Violations of the FCCPA. Both claims are wholly without merit as they are premised on an unsupported theory that the original blue ink note filed with the court in Lake County Case No. 2013-CA-002850, is not in fact an original document.

On June 17, 2014, the original note was filed in the foreclosure action, Lake County Case No. 2013-CA-002850. See Notice of Original Note attached as Exhibit "D" hereto. A non-jury trial followed wherein the original note was surrendered to the court resulting in the entry of a Final Judgment of Foreclosure on August 17, 2015. See Exh. B. Plaintiff thereafter appealed the Final Judgment and the Fifth District Court of Appeals affirmed the Judgment (Case No. 5D15-3279). See Exh. C.

Plaintiff has fabricated a theory that there is a misrepresentation by inaccurately stating, and perhaps intentionally misstating, that a notice of filing original note was docketed on October 17, 2013 and then again on June 17, 2014. [D.E. 2 at ¶2.] A simple review of the Lake County docket for Case No. 2013-CA-002850, however, reveals that the October 17, 2013 court filing concerned a Notice of Filing *Certificate* of Original Note Possession pursuant to Florida Statute §702.015(4), and not the filing of the original note itself. See Certification attached as Exhibit "E" hereto. The original note was not filed at that time but was clearly filed on June 17, 2014. See Exh. D. Consequently, Plaintiff's theory is easily debunked and illustrates an unwarranted attempt to unduly harass the Plaintiff and needlessly increase the costs of litigation.

7

Additionally, Plaintiff's claim against BONY is further barred by res judicata. The following four identities must be present for the doctrine of res judicata to bar a subsequent suit: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties; and (4) identity of the quality or capacity of the persons for or against whom the claim is made. State Street Bank and Trust Co. v. Badra, 765 So. 2d 251 (Fla. 4th DCA 2000). Res judicata also bars matters that could have been raised. Youngblood v. Taylor, 89 So. 2d 503, 505 (Fla. 1956). The original note is the thing sued for in both Plaintiff's Complaint and Defendant's previous foreclosure action (Lake County Case No. 2013-CA-002850). The identity of the cause of action is shown where the identity of the facts essential to the maintenance of the action are the same. Id. An essential element of foreclosure is standing, which is proven by possession and surrender of the original note to the court. U.S. Bank Nat. Ass'n v. Clarke, 192 So. 3d 620 (Fla 4th DCA 2016). At the non-jury trial, the court took into account the evidence presented and found Defendant had standing which resulted in the entry of the Final Judgment. See Exh. B. Here, Plaintiff's negligent misrepresentation claim is also based on the same original note that was already determined to be an original by the court in the foreclosure action. The last two identities necessary for res judicata to apply are clearly met as Plaintiff and Defendant in the foreclosure action (Lake County Case No. 2013-CA-002850) are the same parties at issue in this case. Therefore, Plaintiff's claim for negligent misrepresentation is barred by res judicata. Furthermore, the doctrine of res judicata renders Plaintiff's expert's report irrelevant because it is just a new (previously unraised) attempt to collaterally attack the Final Judgment, which is not permitted.

Plaintiff's FCCPA claims against BONY also fail as they too are premised on the same factual scenario (i.e., that the foreclosed note is not an original) that is barred by the

doctrine of res judicata as the issue of the note's authenticity was already litigated between these same parties to a Final Judgment which was appealed in favor of BONY.

It should also be noted that although Plaintiff claims in the FCCPA section of his Complaint that BONY is a debt collector and subject to the FCCPA by virtue of allegedly attached correspondence [D.E. 2 at ¶15], Plaintiff failed to attach the supposed correspondence. Not only does the lack of correspondence undercut Plaintiff's claim that BONY is a debt collector, but it eliminates from consideration any claim that an act, other than foreclosure, somehow violated the act. Without some other act, liability will not stand under the FCCPA as it is well established that foreclosure of a mortgage cannot be considered a debt collection practice under the FCCPA. See Trent v. Mortgage Electronic Registration Systems, Inc., 618 F. Supp. 2d 1356, 1361 (M.D. Fla. 2007). Thus, it is readily apparent that both the negligent misrepresentation and FCCPA claims are without merit and objectively frivolous.

## III. CONCLUSION

In accordance with the above reasons, the Court should impose sanctions against the Plaintiff pursuant to Rule 11 because he filed and continues to prosecute objectively frivolous claims, and the Plaintiff and his counsel knew or should have been aware that the claims were frivolous when they filed this case.

WHEREFORE, BONY respectfully requests that this Court enter an Order awarding sanctions against Plaintiff, Neil Dyer, and his Counsel, Allen Campbell and Andrew Roebuck, pursuant to Fed. R. Civ. P. 11, and for any other relief deemed just and proper.

Respectfully submitted,

McGLINCHEY STAFFORD

/s/ Gina L. Bulecza
Shaun K. Ramey, Esq.
Florida Bar #117906
Gina L. Bulecza, Esq.
Florida Bar # 57867
10407 Centurion Parkway N., Suite 200
Jacksonville, FL 32256
(904) 224-4449 (telephone)
(904) 212-1491 (facsimile)
gbulecza@mcglinchey.com
sramey@mcglinchey.com
mnew@mcglinchey.com
***ATTORNEYS FOR DEFENDANT,***
***BANK OF NEW YORK MELLON***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been filed via the CM/ECF system and served via the following manner, this 16th day of August, 2018, to the following:

Allan Campbell, Esq.
The Law Office of Allan Campbell
100 Colonial Center Pkwy, Suite 140
Lake Mary, FL 32746
ask.our.assistant1@gmail.com; ask.our.assistant3@gmail.com; attyacampbell@aol.com
Counsel for Neil Dyer

Andrea Roebuck, Esq.
Allegiant Law, PA
2170 W. State Road 434, Suite 260
Longwood, FL 32779
assistant1.allegiant@gmail.com; aty.assistant@gmail.com; ammrroebuck@gmail.com
Co-Counsel for Neil Dyer

Matthew D. Morton, Esq.
McCalla Raymer Leibert Pierce, LLC
225 E. Robinson Street, Suite 155
Orlando, FL 32801
MRService@mccalla.com
Counsel for JP Morgan Chase Bank, N.A.

                                               /s/ Gina L. Bulecza
                                               Attorney