**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

NEIL DYER,

    Plaintiff,

v.                                        Case No: 5:18-cv-323-JSM-PRL

BANK OF NEW YORK MELLON and JP
MORGAN CHASE BANK, NA,

    Defendants.
_____/

**PLAINTIFF'S OBJECTION TO DEFENDANT THE BANK OF NEW YORK MELLONS MOTION FOR SANCTIONS AGAINST PLAINTIFF AND PLAINTIFF'S COUNSEL**

**COMES NOW**, Plaintiff, Neil Dyer, (hereinafter "Plaintiff"), by and through the undersigned counsel, and hereby files this Response to Defendant The Bank of New York Mellon's ("Bony") Motion for Sanctions Against Plaintiff and Plaintiff's Counsel and states the following:

**Bony is Not Entitled to Sanctions**

The US Court of Appeals for the Ninth Circuit stated in *Levinson v. Holgate*, No. 03-16532, (US Court of Appeals for the Ninth Circuit, September 30, 2005) stated: "An attorney is subject to Rule 11 sanctions, among other reasons, when he presents to the court "claims, defenses, and other legal contentions [not] warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]" Fed. R. Civ. P. 11(b)(2). When, as here, a "complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." *Christian v.*

*Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir.2002) (internal quotations and citation omitted). As shorthand for this test, we use the word "frivolous" "to denote a filing that is both baseless and made without a reasonable and competent inquiry." citing *Moore v. Keegan Mgmt. Co* (*In re Keegan Mgmt. Co.*, Sec. Litig.), 78 F.3d 431, 434 (9th Cir.1996).

The Court continued to state: "The reasonable inquiry test is meant to assist courts in discovering whether an attorney, after conducting an objectively reasonable inquiry into the facts and law, would have found the complaint to be well-founded." citing *Christian*, 286 F.3d at 1127.

This Court, in *Gelles v. Skrotsky*, 15 F. Supp. 2d 1293 (US District Court for the Middle District of Florida 1998) stated: "In the Eleventh Circuit, three types of conduct warrant Rule 11 sanctions: (1)when a party files a pleading that has no factual basis; (2)when a party files a pleading that is based on legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3)when a party files a pleading in bad faith or for an improper purpose. *See Didie v. Howes*, 988 F.2d 1097, 1097 (11th Cir. 1993). Thus, this Court would have to find that Plaintiff's allegations are false, that he knew that his legal arguments would obviously fail, or that pled his actions with apparent bad faith."

The Court continues on to state: "Again, the Eleventh Circuit has outlined three prerequisites to the imposition of sanctions. *See Didie*, 988 F.2d at 1097. The movant here must establish that Plaintiff Gelles either lied about the facts, presented a knowingly faulty legal theory, or instituted the action in bad faith. *See Id*. The Court declines further investigation into the facts of the case, as the facts have been largely stipulated to.[8] Therefore, Defendants cannot

prove that Plaintiff lied about the facts of the case, and sanctions on those grounds accordingly fail.

Regarding the legal theories presented by the Plaintiff, this Court finds that while faulty, they were not so negligently presented as to warrant sanctions.[9] As the Plaintiff offered dated case law while disregarding more current, persuasive law and failed to tie the facts of the case to the applicable law the Plaintiff failed to assert any basis under which he could legally prevail in his action; however, sanctions are not automatically imposed against the losing party of a lawsuit. *See Id.* Sanctions are reserved for cases wherein a party has asserted facts and/or theories that were known to him to be false. *See Id.* Here, Plaintiff vociferously maintains the validity of his claim, clinging to a few cases which he argues support his position. While this Court finds that said cases do not support Plaintiff's theory, this Court cannot say with certainty that such arguments were made by Plaintiff with the knowledge of their falsity. Consequently, sanctions on these grounds fail as well.

Defendants offer Plaintiff's bad faith as a final argument in support of sanctions. This is the argument which the Court must consider most gingerly, as hard feelings are *1297 reflected in both parties' pleadings in the case sub judice. In granting the Defendants' motion to dismiss, this Court took the Plaintiff's allegations as true; in doing so, this Court assumed the Defendants were, indeed, guilty of fraudulent behavior. The Court thereafter found, however, that such behavior while not to be condoned did not spell a cause of action for the Plaintiff under ERISA. The Defendants were absolved of liability under ERISA, but that does not entitle them to sanctions under Rule 11. This Court reserves such sanctions for deliberate, frivolous, and wanton causes of action not merely actions dismissed upon motion. As Defendants have failed to prove a basis for Rule 11 sanctions in the eyes of this Court, the motion for the same must be denied.

In *Claudet v. First Federal Credit Control, Inc.,* 14-CV-2068 (M.D. Fla. Nov. 17, 2015) the Court imposed sanctions on the filer of an improper motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure. The Court awarded attorney's fees AGAINST the filer of the improper Rule 11 motion, finding it was filed for an improper purpose (to harass opposing counsel) and was certainly not the outcome the filer had in mind. More interestingly, the Court did so without any motion from the non-movant.

**The Court in *Claudet* asserted that the Rule 11 motion's conclusory allegations, unsupported by evidence, that the Plaintiff's claims lacked merit was not enough to apprise a reasonable attorney that the claims, which turned on discrete factual issues, were frivolous. Indeed the Court observed that: "Perhaps the most startling aspect of Defendant's motion is the unsupported premise that defense counsel's proclamation of factual conclusions was the coup de gras. Under Defendant's theory, a reasonably competent attorney would have discharged his or her client's case based solely upon opposing counsel's statements regarding discrete factual issues — i.e., actual knowledge. Thus, Defendant's motion will be denied.** "

Contrary to Bony's claims in its Motion for Sanctions and Motion to Dismiss, and as indicated in the Plaintiff's Objection to Defendant Bony's Motion to Dismiss in this case, Plaintiff's claims are not baseless and without merit and do not warrant Rule 11 sanctions. The claims were not barred by res judicata, collateral estoppel, compulsory claims, litigation privilege or the statute of limitations. (See Plaintiff's Objection to Bony's Motion to Dismiss filed with the Court on August 15, 2018.)

Under Florida law, it is emphasized that *Fla. Stat. § 57.105* should be exercised with restraint "to ensure that it serves the purpose for which it was intended." *See Bridgestone /Firestone, Inc. v. Herron*, 828 So. 2d 414, 419 (Fla. 1st DCA 2002). The purpose of *Fla. Stat. § 57.105* (Florida Statutes counterpart to Rule 11) "is to discourage baseless claims [and] not to cast a chilling effect on use of the courts." *See Stevenson v. Rutherford*, 440 So. 2d 28, 29 (Fla. 4th DCA 1983).

Florida courts have been cautioned to use such a provision with restraint, and should not use a provision, such as *Fla. Stat. § 57.105*, very liberally against parties. *See Strothman v. Henderson Mental Health Center, Inc.*, 425 So. 2d 1185 (Fla. 4th DCA 1983).

In reversing and remanding the trial court's award of attorneys' fees in *Austin v. Laurato, PA v. State Farm Florida Insurance Company*, 5D15-3616, (Fla. 5th DCA 2017) the Fifth District Court of Appeal stated: Section 57.105(1) permits a prevailing party to seek an award of attorney's fees, including prejudgment interest, against the losing party and the losing party's attorney in equal amounts if the court finds that the losing party and its attorney knew or should have known that the claim or defense "[w]as not supported by the material facts necessary to establish the claim or defense" or "[w]ould not be supported by the application of then-existing law to those material facts." **However, monetary sanctions may not be awarded "if the court determines that the claim or defense was initially presented to the court as a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law, as it applied to the material facts, with a reasonable expectation of success."** § 57.105(3)(a), Fla. Stat. (2012). A trial court's findings on imposing attorney's fees as a sanction under section 57.105(1) must "be based upon substantial competent evidence presented to the court at the hearing on attorney's fees or otherwise before the court and in the trial record." *Blue*

*Infiniti, LLC v. Wilson*, 170 So. 3d 136, 140 (Fla. 4th DCA 2015) (quoting *Montgomery v. Larmoyeux*, 14 So. 3d 1067, 1073 (Fla. 4th DCA 2009)).

An order awarding attorney's fees as a sanction under section 57.105(1) "must include findings by the trial court to support the award." *Goldberg v. Watts*, 864 So. 2d 59, 60 (Fla. 2d DCA 2003) (citing *Mason v. Highlands Cty. Bd.*, 817 So. 2d 922, 923 (Fla. 2d DCA 2002)). **"[T]he trial court must find that there were no justiciable issues of law or fact and that the losing party's attorney did not act in good faith based on the representations of his or her client."** *Siegel v. Rowe,* 71 So. 3d 205, 211 (Fla. 2d DCA 2011) (quoting *Weatherby Assocs., Inc. v. Ballack*, 783 So. 2d 1138, 1143 (Fla. 4th DCA 2001)).

In the *Siegel* case the Court goes on to say: "Here, the order on entitlement to attorney's fees contains a recitation of the facts of the case, but only two findings related to sanctions. The first, in paragraph 14, was that after the motion for sanctions was served on them, Cleophat and Law Firm "refused to take corrective action and pursued the lawsuit without pause." The second, found in paragraph 18, was that "the [p]laintiff and her attorneys failed to show any good faith basis for the action." **Standing alone, such findings are insufficient to assess attorney's fees against an attorney for the losing party as there must also be a finding that counsel knew or should have known at the time the complaint was filed that the claims against State Farm were not supported by material facts necessary to establish the claims or were not supported by the application of then-existing law to the material facts.** *See Ballack,* 783 So. 2d at 1143. The trial court must also consider whether the claim was "initially presented to the court as a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law" because such a finding would preclude sanctions under section 57.105. See § 57.105(3)(a), Fla. Stat. (Emphasis Added)

Florida courts have consistently held that lawsuits that contain some frivolous arguments are not sanctionable under Section 57.105 of the Florida Statues if they otherwise contain challenges which "rise issues which are not so frivolous and completely untenable." See, *Brockway v. Town of Gulfview* 675 So. 2d. 699 (Fla. 4th DCA 1996) *Siegel v Rowe*, 71 So. 3d, 205 (Fla. 2d DCA 2011); and *Langford v Ferrera*, 823 So. 2d 795 (Fla. 1st DCA 2001). As stated by the Second District in Siegel, "[t]rial courts must be cautious not to award attorney's fees under Section 57.105 merely because a party's defense [or claim] is unavailing." Id. At 212. Contrary to the Defendant's argument, even the granting of Motion to Dismiss does not entitle a prevailing party to fees pursuant to § 57.105, F.S. See *Mason v. Highlands County*, 817 So 2d 922 (Fla. 2d DCA 2002).

The Court may consider bad faith as the basis for limiting or denying a fee award regardless of need and ability to pay. *Flannery v. Crowe*, 720 So. 2d 308 (Fla. 4th DCA 1998); *Rosa v. Rosa*, 723 So. 2d 312 (Fla. 4th DCA 1998). In *Rosen v. Rosen*, 696 So. 2d 697 (Fla. 1997), the Court said the Court may also consider any factor necessary to do justice and equity when determining a fee award.

By its plain terms, Fla. Stat. § 57.105 requires as a prerequisite to an attorney's fee award thereunder that the losing party in a civil litigation raise issues for determination which in their entirety completely lack justiciability in law and fact, or, in other words, are frivolous. *Sachs v. Hoglund*, 397 So. 2d 447, 448 (Fla. 3d DCA 1981)

Finally, an award of attorney's fees, per *Fla. Stat. § 57.105*, is appropriate only when an action is "so clearly devoid of merit both on the facts and the law as to be completely untenable." *See Brinson v. Creative Aluminum Prods.*, 519 So. 2d 59, 60 (Fla. 2d DCA 1988).

In this case, Plaintiff is not entitled to an award of attorney's fees. The claims stated in the Complaint show Plaintiff did not raise issues that are wholly frivolous or totally devoid of

merit.   Plaintiff requests that the Court please note that this action is primarily for fraud/misrepresentation by Defendant Bony. Bony has addressed the real issue in this case. No evidence has been presented by Defendant to contradict the Michaels Report as to the alleged "Original Promissory Note".

Defendant states in its Motion for Sanctions at the bottom of page 7, "The original note was not filed at that time but was clearly filed on July 17, 2014." This is simply an untruth! The Plaintiff's "Original Promissory Note" has never been provided to the Lake County Circuit Court as indicated by the Michaels Report.

Rule 1.540(b) of the Florida Rules of Civil Procedure provides Plaintiff the right to bring this lawsuit as an independent action. There is no "Original Promissory Note" - so Defendant created a fraudulent note as a basis to permit them to improperly/fraudulently collect a debt from Plaintiff.

Defendant has had plenty of time to produce evidence to contradict the report of document analyst expert Gary Michaels as to the alleged "Original Promissory Note" but have done nothing since they became aware of the Report and Affidavit. Mr. Michaels' Report clearly shows that the alleged "Original Promissory Note" produced by Defendant to the Plaintiff and the Lake County Circuit Court in the foreclosure case by Defendant against Plaintiff is not an original "wet-ink" note- it is a computer-generated document - a forgery.

Defendant's Counsel are now complicit in Defendant's fraud/misrepresentation and potentially guilty of a number of crimes pursuant to the Florida Statutes because they have the pertinent information as to the forged note and have taken no action to dispute Mr. Michaels' conclusions or to resolve the fraud/misrepresentation to Plaintiff.

**Defendant Committed Fraud on the Court and Plaintiff**

Defendant has relentlessly engaged in the pursuit of illegally conspiring to foreclose on Plaintiff. Defendant and Defendant's Counsel appear to be involved in a scheme involving illicit document manufacturing, providing perjured testimony in support thereof, and the filing of false affidavits. As part of the conspiracy to establish the validity of the debt allegedly owed by Plaintiff, Defendants provided to Plaintiff and the Lake County Florida Circuit Court a forged, fabricated, or otherwise counterfeited document with the specific intent to represent such forged, fabricated, or otherwise counterfeited document as the actual "Original Promissory Note" signed by Plaintiff at the closing table. Defendant's presentation and willful admission of the above described forged document, that are continuously referenced to by Defendants as the "Original Promissory Note", are criminal acts that constitute direct violations of the following enumerated Florida Criminal Statutes that encompass the criminal acts related to the Note's forgery and it's further utterance. (**See Section II of Plaintiff's Objection to Bony's Motion to Dismiss Complaint.**)

Defendant has committed fraud on Plaintiff and the Lake County Florida Circuit Court by providing a document as an original note which is not an original document and obtaining a foreclosure judgment and proceeding to sale based on same.

Throughout the case at hand and in the State foreclosure case, Defendant has represented to both the Court and Plaintiff, though sworn statements, filed documents, and witness testimony (on numerous occasions) that the above described forged, fabricated, or otherwise counterfeited version of the "Original Promissory Note" was in fact the "Original Promissory Note" signed by Plaintiff and required by Fla. Stat. 702.015(4) as necessary to establish the requisite foundation for standing in order for Plaintiff, as holder, to initiate and proceed with this foreclosure action

against the Plaintiff. "Applicable law requires a foreclosure Plaintiff to produce the original Note to the Court to be entitled to a judgment." *See Boumarate v. HSBC Bank USA, N.A.,* 172 So.3d 535, 536 (Fla. 5th DCA 2015) ("A plaintiff seeking to foreclose a mortgage must tender the original promissory note to the trial court…."); also see F.S. 702.015(4) and *Perry v. Fairbanks Capital Corp., 888 So. 2d 725, 2004 Fla. App. LEXIS 18863, 29 Fla. L. Weekly D 2773 and FS 702.015(4)*

Defendant and their Counsel should have verified the trustworthiness of the alleged "original" note. Defendant and their Counsel knew, should have known, or should be deemed to have known that the alleged "original note" filed with the Lake County Court was not an original document and that the providing of the alleged original document was the provision of a forged document. Defendant and their Counsel have certainly known that the alleged original Note was not an original document since the filing of the Michaels' Report in this case in April 2018. Defendant and their Counsel intended the Court and Plaintiff to act in reliance on their misrepresentation which shows a reckless disregard for: the consequences to Plaintiffs; the integrity of the Court; and/or truthfulness to the tribunal.

Defendant and their Counsel appear to be involved in a scheme involving illicit document manufacturing and as indicated in the Amended Complaint, Plaintiff asserts that Defendants and their Counsel are guilty of a number of crimes as indicated in Section II. of Plaintiff's Objection to Defendant's Motion to Dismiss.

Florida Courts have long recognized the principle that a party who has been guilty of fraud or misconduct in the prosecution or defense of a civil proceeding should not be permitted to continue to employ the very institution it has subverted to achieve his or her ends. *Carter v. Carter*, 88 So.2d 153 (Fla. 1956).

Over 140 years ago the US Supreme Court stated in *U.S. v. Throckmorton*, 98 U.S. 61 (1878) "There is no question of the general doctrine that fraud vitiates the most solemn contracts, documents, and even judgments." And the high Court continued on to state "Fraud vitiates everything, and a judgment equally with a contract -- "

Fraud trumps all, including Defendant's claims that the case should be dismissed based on impermissible collateral attack, res judicata, issue preclusion, litigation privilege and the statute of limitations.

**A Final Judgment can be nullified either directly or collaterally**

The final judgment in the foreclosure case against the Plaintiff, entered by the State Court "is not accorded the finality the term suggests and its binding effect can be eviscerated, nullified either directly or collaterally, and can be attacked in a federal court for grounds of fraud. " See Fed. R. Civ. P. 60(b).

Federal Rule of Civil Procedure 60(d) gives this Court the power to entertain an independent action to relieve a party from a judgment, order, or proceeding. Also, Rule 1.540(b) of the Florida Rules of Civil Procedure provides for relief through an independent action: "This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order, or proceeding or set aside a judgment or decree for fraud upon the court." *See DeClaire v. Yohanan,* 453 So. 2d. 375 (Supreme Court of Florida 1984).

In addition, the issues in this case and the State foreclosure case are not identical. Contrary to Defendant's claims in their Motion to Dismiss and Motion for Sanctions, the State Court never considered the fraud issue or the evidence of Mr. Michaels' Report in the State

foreclosure case. Mr. Michaels' Report is newly discovered evidence as to the State foreclosure case.

**The Complaint States Valid Claims**

Plaintiff has stated legitimate claims for negligent representation and violation of the FCCPA. The FCCPA incorporates the definitions applied for purposes of the FDCPA. In *Bank of America v. Siefker*, 4D14-1923 (Fla. 4th DCA 2016) the Court stated: "Both acts generally apply to the same types of conduct, and Florida courts must give 'great weight' to federal interpretations of the FDCPA when interpreting and applying the FCCPA." *Read v. MFP, Inc.*, 85 So. 3d 1151, 1153 (Fla. 2d DCA 2012) (quoting § 559.77(5), Fla. Stat.).

The Defendant is a debt collector as defined for purposes of the FCCPA because they acquired an interest in the subject loan after it was in default. Homebanc Mortgage was the original lender and Defendant allegedly took an interest in the loan after an alleged default by Plaintiff. *See Kaplan v. Assetcare, Inc.*, 88 F.Supp.2d 1355, 1360–61 (S.D.Fla.2000) "Bank of America contends, however, that it is not a debt collector. A mortgage servicing company is a debt collector under the FDCPA if it acquired the loan at issue while the loan was in default." *Williams v. Edelman*, 408 F.Supp.2d 1261, 1266 (S.D.Fla.2005)".) Also see *Ronald Goodin and Deborah J. Goodin v. BANK OF AMERICA, N.A.,* 114 F.Supp.3d 1197 (US District. Court for the Middle District of Florida 2015); *Justice v. Ocwen Loan Servicing, LLC,* 2014 WL 526143, *4 (S.D. Ohio Feb. 7, 2014) where the Court stated: "[I]f Ocwen acquired the servicing for the Loans before they were in default, then it is not a debt collector under the FDCPA. But if Ocwen acquired the servicing for the Loans **after** they were in default, it is a debt collector under the FDCPA."); *Yarney v. Ocwen Loan Servicing, LLC*, 929 F.Supp.2d 569, 575 (W.D.Va.2013)

("At the time Ocwen became the servicer on Plaintiff's home loan, the loan was already in default. Therefore, Ocwen is a debt collector seeking to collect an alleged debt for the purposes of FDCPA liability in this case."); Comer, supra, at *3 ("Chase, as a mortgage servicing company, is not a debt collector unless Comer's loan was in default at the time Chase took over the servicing."); *Parker v. BAC Home Loans Servicing LP*, 831 F.Supp.2d 88, 93 (D.D.C.2011) ("[I]f BAC was handling the loan before it went into default, it is not a debt collector in this case under the Act."); *Portley v. Litton Loan Servicing LP*, 2010 WL 1404610, *4 (E.D.Pa. Apr. 5, 2010) ("Because Plaintiff's mortgage loan was already in default at the time Defendant obtained the assignment, Defendant is a 'debt collector' for the purpose of the FDCPA."); *Castrillo v. American Home Mortgage Servicing, Inc*., 2010 WL 1424398, *5 (E.D. La. Apr. 5, 2010) ("[A]n 'exclusion' to the general definition of a debt collector applies to any person who attempts to collect a debt that was not in default at the time it was 'obtained.' AHMSI obtained its servicing rights in Castrillo's mortgage loan in April 2008, after Castrillo's loan was in default, and therefore AHMSI is not excluded from the general definition of a debt collector by § 1692a(6)(F)(iii)."), reconsideration denied, 2010 WL 1838061 (E.D. La. May 5, 2010); and Martin v. Select Portfolio Serving Holding Corp., 2008 WL 61878.  37. The Complaint does not rely upon mere legal conclusions but instead provides a detailed factual account of Defendant's illegal practice of filing a forged document as the "Original Promissory Note" in the Lake County Florida Circuit Court which establishes their liability.

The FCCPA Section 559.72 states in pertinent part: A debt collector may not "(9) Claim, attempt or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

This is exactly what Defendant has done to Plaintiff and is the basis for this lawsuit. Defendant was acting as a debt collector, engaged in debt collection activity when they communicated with the Plaintiff for the general purpose of inducing payment, and collecting on a debt when Defendant knew or should have known the debt was not legitimate.

**Plaintiff's Claims are not Barred by the Statute of Limitations**

Plaintiff's claims are not barred by the statute of limitations. (See Section IV of Plaintiff's Objection to Defendant's Motion to Dismiss)**.** Definitions developed under the Fair Debt Collections Practices Act ("FDCPA") are relied on for purposes of the FCCPA.

For purposes of the FDCPA, the "Discovery Rule" applies and the statute will not begin to run until the plaintiff "discovers" the alleged violation, rather than from the date of occurrence of the activity that gives rise to the cause of action. *Skinner v. Midland Funding, LLC* (Case No 16-4522, U.S. District Court, ND, IL 2017)

The general rule under Florida law as to a fraud/misrepresentation claim is that the statute of limitations begins to run when the plaintiff **discovers that a fraud occurred** or, in the exercise of reasonable diligence, should have discovered the fraud. Generally, a cause of action accrues, and the statute of limitations begins to run, when facts come into existence that authorize a claimant to seek a judicial remedy.

Defendants did not know about the technology available to determine the authenticity of the alleged "Original Promissory Note" until late 2017. All of Plaintiff's claims were made within one (1) year of the receipt of the Michaels' Report.

The Courts have well recognized that case law supports the proposition that there is **no due diligence requirement** where **the adverse party knowingly puts on or uses false testimony.** See *McDonald*, 544 So.2d at 264; *Roberto v. Allstate Ins. Co.,* 457 So.2d 1148, 1150 (Fla. 3d DCA 1984). Plaintiff's claims are within the applicable statute of limitations.

**Defendant is not Entitled to Equitable Relief Based on Forged Documents**

The Florida Supreme Court noted "the principle or policy of the law in withholding relief from a complainant because of 'unclean hands" is punitive in its nature." *Busch v. Baker*, 83 So. 704, (Fla. 1920); *see also, Roberts v. Roberts*, 84 So.2d 717 (Fla. 1956); *Peninsula Land Co. v. Howard*, 6 So. 2d 384 (Fla. 1941). It is this Honorable Court's inherent authority and solemn duty to confront the fabrication of evidence by a party and their attorney. This is "indispensable to the proper administration of justice, because no litigant has a right to trifle with the Courts." *Ramey v. Haverty Furniture Companies, Inc*., 993 So. 2d 1014, 1018 (Fla. 2nd DCA 2008). In Ramey the Court wrote:

> **"[T]ampering with the administration of justice in the manner indisputably shown here involves far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated consistently with the good order of society." Id. at 1020-21(emphasis added), citing, Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 246, 64 S. Ct. 997, 88 L. Ed. 1250 (1944), receded from on other grounds by Standard Oil Co. of Cal. v. United States, 429 U.S. 17, 97 S.Ct. 31, 50 L. Ed.2d 21 (1976).**

Plaintiff respectfully submits that it is clear Defendant either prepared directly, vicariously through a third party, or had its counsel prepare, then record, then admit into evidence, then swear under oath before attempting to use as evidence a false, forged, fabricated, or otherwise recreation of the purported "Original Promissory Note." The "…Note goes to the heart of

Plaintiff's claim of standing, permeates the entire proceeding and subverts the integrity of the action. *See Metropolitan Dade County v. Martinsen, 736 So.2d 794 (Fla. 3rd DCA 1999).* Plaintiff, with specific intent, and in bad faith, understood that the presentation of the void Forged "Original Promissory Note" would buttress its claim of standing to foreclose with complete awareness of the falseness of the statements contained in its pleading. *Reif Development, Inc. v. Wachovia, supra., 340 So.2d 1267; Furst v. Blackman, supra., 744 So.2d 1222*. 49. Not only did the Plaintiff not obtain the subject loan and legally required accompanying documents as pled in the foreclosure case, but Defendant never physically, legally, or tangibly obtained the actual Original Promissory Note **AT ALL**.

Respectfully, this Honorable Court should consider whether equity demands Defendant suffer a serious consequence for its misconduct. Especially when this party's misconduct was condemned and punished just a few years ago as part of the $25 billion National Mortgage Settlement. This fraudulent conduct "reaches to the foundation of the case and is equal to a denial of due process." *Young v. State, --- So.3d ----, 2013 WL 5270683 *3 (Fla. 2013).*

The judicial branch long ago recognized its responsibility to deal with, and punish, the attempted use of false and fraudulent evidence. No litigant has a right to trifle with the Courts. Florida law has long held a party is properly denied all equitable relief, when they attempt a fraud upon the court. After almost a decade of disregard for the rule of law, where few bankers were held accountable to the law, this Honorable Court has a duty to protect the integrity of these proceedings.

Respectfully, this Honorable Court should consider the recent Yale Law Journal article entitled In Defense of "Free Houses", The Yale Law Journal 125:1115(2016). **http://www.yalelawjournal.org/comment/in-defense-of-free-houses.**

The article concluded that holding banks to the letter of the law "would also create a counterweight to current perverse incentives, encourage alternative dispute resolution where possible, reduce negative public-health consequences from prolonged foreclosure litigation, and ultimately promote greater social outcomes in future foreclosure suits." *Id.* at 1129. There are an infinite number of very good reasons to hold banks accountable to the law.

## CONCLUSION

As indicated herein, Bony's request for imposition of sanctions should be denied. Plaintiff's claims were not baseless or frivolous and were supported by applicable law. Plaintiff is also requesting and hopeful that this Court consider the actions/inaction of Defendant Bony, and refer the matter to the US Attorney or the State of Florida Attorney General's office for consideration of criminal actions against the Defendant and their counsel for forgery/fraud.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by the CM/ECF filing system to the parties listed below on this 31st day August, 2018:  Gina L. Bulecza, Esq., McGlinchey Stafford, PLLC, 10407 Centurion Parkway N., Suite 200 Jacksonville, FL. 32256, gbulecza@mcglinchey.com mnew@mcglinchey.com;  Matthew D. Morton, McCalla Raymer, LLC., 201 N. Franklin St. Ste. 1375 Tampa, FL 33602, matthew.morton@mccalla.com, mrservice@mccalla.com.

Respectfully Submitted,

*/S/Andrea M. Roebuck*
Andrea M. Roebuck, Esq.
FBN: 0089386
Best Defense Law, P.A.
100 Colonial Center Parkway, Suite 140
Lake Mary, FL 32746
Primary email: aty.assistant@gmail.com
Secondary: ammrroebuck@gmail.com