**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

NEIL DYER,

Plaintiff,

v. Case No: 5:18-cv-323-Oc-30PRL

BANK OF NEW YORK MELLON and JP MORGAN CHASE BANK, NA,

Defendants.

---

**ORDER OF DISMISSAL**

Plaintiff Neil Dyer executed a promissory note and mortgage for property in Lake County. When Dyer defaulted on the loan, The Bank of New York Mellon ("BONY") initiated a foreclosure action. As part of that foreclosure action, BONY was required to produce the original promissory note pursuant to Florida law. Dyer challenged the proceedings, but the state court ultimately entered a Final Judgment of Foreclosure (the "Judgment") in BONY's favor on August 17, 2015. Dyer then attempted to set aside the Judgment, which the state trial court denied. The Judgment was affirmed on appeal, and the property was sold at a foreclosure sale in June 2016.

Dyer is now suing BONY and JP Morgan Chase Bank, N.A. ("Chase") for negligent misrepresentation and violation of the Florida Consumer Collection Practices Act ("FCCPA") based on an allegation that the original promissory note provided to the state court in the foreclosure proceedings was a forgery. Defendants move to dismiss, arguing the original promissory note's authenticity was already determined in the underlying

proceedings and Dyer cannot challenge it again here. The Court agrees and concludes Dyer is estopped from bringing these claims.

## BACKGROUND

Dyer's claim arise from a 2013 foreclosure action in Florida state court brought against Dyer by BONY as successor-in-interest to Chase.[1] In the foreclosure action, BONY filed a "Notice of Filing Certification of Original Note" on October 17, 2013.[2] (Doc. 11-1). On June 17, 2014—at a foreclosure bench trial—BONY filed a "Notice of Filing Original Note and Original Mortgage and Original Note and Security Instrument Modification Agreement Original Loan Documents" (Doc. 11-1), which BONY contends was the original promissory note.

The state court entered a Judgment against Dyer and in favor of BONY on August 17, 2015. (Doc. 11-2). Dyer moved to set the Judgment aside, which the foreclosure court denied. (Doc. 11-1). Dyer also appealed the Judgment, and the Florida appellate court affirmed. (Doc. 11-3).

Before BONY could complete a foreclosure sale, Dyer declared bankruptcy three times—listing the loan for the subject property each time—in what can only be described as an attempt to forestall the foreclosure sale.[3]

---

[1] That case was No. 2013-CA-002850, in the Circuit Court of the Fifth Judicial Circuit in and for Lake County, Florida.

[2] Dyer mistakenly refers to this as a "Notice of Filing of Original Note and Mortgage" (Doc. 2, ¶ 2), which partly forms the basis for the claims in this case.

[3] The bankruptcy cases are 6:15-bk-08878, 6:15-bk-03706, and 6:17-bk-02012,

Dyer also filed two actions in this Court related to his foreclosure case. First, in September 2014, Dyer sued BONY and Chase for violations of the Real Estate Settlement Procedures Act, the Fair Debt Collection Practices Act, the FCCPA, the Truth in Lending Act, and the Telephone Consumer Protection Act.[4] (*Dyer I*, Doc. 1). Dyer alleged in that case that Defendants committed fraud in the foreclosure case by "using deceptive means to hide that they are not the holder in due course of the note." (*Dyer I*, Doc. 1, ¶ 48). Specifically, Dyer alleged that "the allonges on the note are manufactured [by Defendants] in a bad attempt to be a legitamate [sic] transfer…" and that Defendants "have knowledge of manufactured documents concerning the note…." (*Dyer I*, Doc. 1, ¶¶ 50–51). Dyer voluntarily dismissed the case in December 2014. (*Dyer I*, Docs. 20–21).

Second, Dyer filed a suit in March 2017 for wrongful foreclosure asking the Court to enjoin the foreclosure sale and declare him rightful owner of the property.[5] (*Dyer II*, Doc. 1). In that case, Dyer argued BONY "is barred from continuing with the State court action against Plaintiff until it presents to Plaintiff and this Court both the genuine original mortgage document and the genuine original Promissory Note," and arguing that BONY lacked standing because it did not have a beneficial interest in the property. (*Dyer II*, Doc. 1, ¶¶ 10, 18). This Court *sua sponte* dismissed the case for lack of jurisdiction. (*Dyer II*, Doc. 5).

[4] That case was 5:14-cv-509 (hereinafter, "*Dyer I*").

[5] That case was 5:17-cv-130 (hereinafter, "*Dyer II*").

BONY was finally able to proceed to a foreclosure sale in May 2018—nearly three years after it received the Judgment. (Doc. 11-1). After the sale, Dyer filed a motion in that case to reverse the sale, which the foreclosure court denied in June 2018. (Doc. 11-1).

Now Dyer is suing BONY and Chase related to the foreclosure action again. Specifically, Dyer alleges that the promissory note BONY presented to the court at the foreclosure bench trial was a forgery. (Docs. 2, ¶ 2; 1-3, p. 6–23; and Doc. 19, p. 2). Dyer alleges this means that BONY and, somehow Chase, were negligent for not verifying the accuracy of the purported original promissory note and "negligently omitted to advise Plaintiff and the Court of the inherent untrustworthiness of the documents." (Doc. 2, ¶ 9). Dyer also alleges presenting an allegedly forged promissory note constitutes a violation of the FCCPA as an attempt to enforce a debt which BONY and Chase knew was illegitimate. (Doc. 2, ¶ 16).

BONY and Chase have now moved to dismiss. BONY is also seeking sanctions against Dyer and his counsel under Rule 11.

## DISCUSSION

### A. Motions to Dismiss

Defendants argue several reasons why Dyer's case should be dismissed. First, they argue that the doctrine of *res judicata* prevents relitigation of issues from the underlying foreclosure action in which the Judgment was affirmed on appeal. They also argue that Dyer's FCCPA claim is barred by the litigation privilege and statute of limitations in addition to the doctrine of *res judicata*. Finally, they argue that Dyer cannot state a claim under the FCCPA because a foreclosure action does not qualify as debt collection under

the act. And Chase—which was not a party in the underlying foreclosure action—notes that there are no allegations in the Complaint specific to it. Apart from the litigation privilege argument, the Court agrees with Defendants.

**1. Motion to Dismiss Standard**

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim on which relief can be granted. When reviewing a motion to dismiss, courts must limit their consideration to the well-pleaded allegations, documents central to or referred to in the complaint, and matters judicially noticed. *See La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (internal citations omitted); *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Courts must accept all factual allegations as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).

Legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). In fact, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a complaint must instead contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citations omitted). This plausibility standard is met when the plaintiff pleads enough factual content to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (internal citations omitted).

**2. Collateral estoppel, not *res judicata*, bars Dyer's claims.**

The four elements required to establish *res judicata* under Florida law are as follows:

> "(1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the quality of the persons for or against whom the claim is made." Identity of the cause of action is present when the "facts are essential to the maintenance of [the] federal action are identical to those facts which were essential to the maintenance of the prior state action." The third element is met if the parties are either identical to or in privity with the parties to the original suit. The fourth element requires that the "parties in the state action had the incentive to adequately litigate the claims in the same character or capacity as would the parties in the federal action."

*Symonette v. Aurora Loan Servs., LLC*, 631 F. App'x 776, 778 (11th Cir. 2015) (quoting *McDonald v. Hillsborough Cnty. School Bd.,* 821 F.2d 1563, 1565 (11th Cir.1987)) (internal citations omitted). Here, the Court concludes that while the last three elements are satisfied, the first element is not because Dyer is not seeking title of the property in this case, and instead is only seeking economic damages. So *res judicata* is inapplicable to these proceedings.

Although *res judicata* does not apply, the Court concludes that collateral estoppel—sometimes referred to as estoppel by judgment—would bar the claims against BONY regardless.[6] As the Florida Supreme Court explained, the two doctrines—while frequently confused—are different:

> The difference which we consider exists between res adjudicata [sic] and estoppel by judgment is that under res adjudicata [sic] a final decree or

[6] Dyer appears to have recognized the application of this doctrine as opposed to *res judicata*, and unpersuasively argues that it does not apply. (Doc. 11, p. 12).

> judgment bars a subsequent suit between the same parties based upon the same cause of action and is conclusive as to all matters germane thereto that were or could have been raised, while the principle of estoppel by judgment is applicable where the two causes of action are different, in which case the judgment in the first suit only estops the parties from litigating in the second suit issues—that is to say points and questions—common to both causes of action and which were actually adjudicated in the prior litigation.

*Stogniew v. McQueen*, 656 So. 2d 917, 919 (Fla. 1995) (quoting *Gordon v. Gordon*, 59 So. 2d 40, 44 (Fla. 1952)); *see also W & W Lumber of Palm Beach, Inc. v. Town & Country Builders, Inc.*, 35 So. 3d 79, 83 (Fla. Dist. Ct. App. 2010). There is no dispute the causes of action are different between the foreclosure action and this case, but Defendants argue,

> The issue of the original note and thus BONY's standing was decided in the Foreclosure Action wherein the court took into account the evidence presented and found Defendant had standing and entered the Final Judgment. Any issues Plaintiff had with the original note could have and should have been raised at the trial in the Foreclosure Action or on appeal.

(Doc. 11, p. 6); *see also* (Doc. 18, ¶ 15). So while Defendants couch the argument in terms of *res judicata*, it appears their arguments invoke the collateral estoppel doctrine.

As Florida courts have explained,

> Collateral estoppel "bars re-litigation of identical issues between identical parties in two proceedings" so as to prevent "repetitious litigation of what is essentially the same dispute." Collateral estoppel has the following five elements, all of which must be met:
>
> (1) an identical issue must be presented in a prior proceeding; (2) the issue must have been a critical and necessary part of the prior determination; (3) there must have been a full and fair opportunity to litigate the issue; (4) the parties in the two proceedings must be identical; and (5) the issues must have been actually litigated.

*Lucky Nation, LLC v. Al-Maghazchi*, 186 So. 3d 12, 14 (Fla. Dist. Ct. App. 2016) (citing *Provident Life & Accident Ins. Co. v. Genovese*, 138 So.3d 474, 477 (Fla. Dist. Ct. App. 2014).

All the elements of collateral estoppel are satisfied here for BONY. As Dyer argues, § 702.015(4), Florida Statutes, requires a plaintiff in a foreclosure action to produce the original promissory note. *See Perry v. Fairbanks Capital Corp.*, 888 So. 2d 725, 727 (Fla. Dist. Ct. App. 2004). Thus, BONY was required to produce the original promissory note to succeed in the underlying foreclosure action. The Court concludes this means that whether the original promissory note was presented in the foreclosure action (1) is an identical issue in both cases, (2) was a critical and necessary part of the foreclosure proceedings, (3) is an issue which Dyer had a full and fair opportunity to litigate in the foreclosure proceedings, (4) was an issue raised between BONY and Dyer, and (5) was an issue that was necessarily litigated in the underlying action as a statutory precondition to foreclosure. *See U.S. Bank Nat. Ass'n v. Clarke*, 192 So. 3d 620, 622 (Fla. Dist. Ct. App. 2016) (noting standing is essential element in foreclosure action and is proven by production of original promissory note). So Dyer is collaterally estopped from bringing his claims in this case against BONY based on his contention that the original promissory note presented in the foreclosure action was a forgery.

While collateral estoppel bars the negligent misrepresentation and FCCPA claims against BONY, the doctrine is inapplicable to Chase because it was not a party in the underlying action. But Chase is still entitled to have the claims against it dismissed precisely because it was not a party in the foreclosure action. The sole basis for Dyer's claims is that Defendants misrepresented to the foreclosure court that they were filing the original promissory note. Because Chase was not a party in that proceeding—as Dyer acknowledges, (Doc. 19, p. 12)—there is no way it could have made such a representation.

And as Chase argues, there are no specific allegations against it in the Complaint. (Doc. 18, ¶ 14). Instead, it appears Dyer is attempting to hold Chase liable for BONY's actions without alleging any legal basis for doing so. So while Dyer is not collaterally estopped from bringing the claims against Chase, Dyer has failed to plead and cannot plead any facts that would make the claims against Chase plausible.

**3. FCCPA claims are barred by statute of limitations, and Complaint does not allege facts that the FCCPA applies to BONY's foreclosure action.**

The Court also agrees with Defendants that Dyer's FCCPA claim is barred by the two-year statute of limitations. Under the FCCPA, the statute of limitations begins to run on the date of the alleged violation. § 559.77(4), Fla. Stat.; *Liste v. Cedar Fin.*, No. 8:13-CV-3001-T-30AEP, 2014 WL 1092347, at *4 (M.D. Fla. Mar. 19, 2014). Dyer filed this lawsuit on April 5, 2018, so any FCCPA violation had to occur on or after April 5, 2016. Here, the Judgment was entered in 2015, and any offer of the original promissory note had to have occurred before then. So the alleged violation could not have occurred during the two-year statute of limitations, and Dyer's FCCPA claim based on presenting a forged promissory note at the 2014 foreclosure bench trial is barred.

But even if the claim was not barred by the statute of limitations, Dyer has not sufficiently pleaded that the foreclosure action constitutes debt collection, subjecting it to the FCCPA. *Bank of Am., N.A. v. Siefker*, 201 So. 3d 811, 815 (Fla. Dist. Ct. App. 2016) (explaining that whether a mortgage foreclosure action constitutes debt collection depends on the surrounding circumstances, such as whether a deficiency judgment is sought). Dyer

alleges no facts indicating that the mortgage foreclosure in this case amounts to debt collection under the FCCPA, so the FCCPA claim is due to be dismissed.

**4. Conclusion**

The Court concludes that this action must be dismissed with prejudice. Dyer's claims related to the authenticity of the promissory note introduced in the foreclosure case were conclusively decided in that case. Even if Dyer did not raise the specific arguments he raises now, he had the opportunity to challenge the promissory note in those proceedings and cannot have another bite at the apple now.[7]

**B. Motion for Sanctions**

BONY seeks sanctions against Dyer and his counsel for filing this lawsuit. Under Federal Rule of Civil Procedure 11, an attorney who files a pleading, written motion, or other paper with the Court implicitly certifies that, to the best of that person's knowledge after a reasonable inquiry:

> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

---

[7] Dyer requests leave to amend the complaint for the first time in his response to the Motions to Dismiss. (Doc. 19, pp. 18–19). The Court declines to grant leave for the following reasons: (1) the issue is not properly raised, *In re Engle Cases*, 767 F.3d 1082, 1099 (11th Cir. 2014) (citing *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir.2009)); and (2) Dyer has not set forth the substance of the proposed amendment. *Id.* (citing *Long v. Satz,* 181 F.3d 1275, 1279 (11th Cir. 1999)).

> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). The purpose of the rule is to "reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers." *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003) (quoting *Massengale v. Ray,* 267 F.3d 1298, 1302 (11th Cir. 2001); *see also Didie v. Howes,* 988 F.2d 1097, 1104 (11th Cir. 1993) ("Rule 11 sanctions are designed to 'discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses.... They 'may be imposed for the purpose of deterrence, compensation and punishment.' ").

When determining whether to enter sanctions, courts consider: "(1) whether the party's claims are objectively frivolous, and (2) whether the person who signed the pleadings should have been aware that they were frivolous." *Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1105 (11th Cir. 2001)); *see also Didie*, 988 F.2d at 1104 (holding sanctions are appropriate "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose."). "[T]he question of the propriety of a pleading for purposes of Rule 11 is determined at the time the pleading is filed." *Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 695 (11th Cir. 1995).

The Court concludes that sanctions are warranted under these circumstances. BONY's foreclosure on Dyer's former property should have spawned a single lawsuit in

which all relevant determinations were made. But Dyer has filed six more lawsuits—three bankruptcy cases, two prior federal lawsuits, and the instant suit—raising collateral challenges to the foreclosure proceedings. All these lawsuits have been meritless,[8] and the Court concludes the instant case is frivolous. There is no reason why Dyer could not have raised the instant claims—had he acted diligently—in the underlying foreclosure action since he was alleging forgery and fraud related to the note's allonges four years before filing this lawsuit and before the Judgment was entered in the foreclosure case. So in the interest of finality, the Court concludes it is appropriate to award BONY attorneys' fees as a sanction against Dyer to dissuade him from filing future frivolous lawsuits.

The Court also concludes sanctions would be inappropriate against Dyer's counsel. Dyer's current counsel did not file the complaint, but instead appeared shortly thereafter on May 18, 2018—before Defendants were ever served.[9] And the Court cannot say that her responses to the Motions to Dismiss or BONY's Motion for Sanction were so frivolous as to warrant sanctions—even if they were inartfully drafted, argued the wrong law, and were filed late.[10] So the Court will limit sanctions in this case to Dyer.

---

[8] Dyer's bankruptcy cases were either involuntarily dismissed, or Dyer was otherwise not granted relief related to his mortgage. *See* 6:15-bk-08878, Doc. 25; 6:16-bk-3706, Doc. 24; and 6:17-bk-0212, Doc. 79.

[9] As the court previously noted (Doc. 17), Dyer's counsel represented in response to an Order to Show Cause that she did not become lead counsel in the case until July 12, 2018. (Doc. 16). The state court record belies that assertion, so the Court uses the date on which she first appeared.

[10] Dyer's counsel did not meet a single filing deadline in this case. She failed to file a response to BONY's Motion to Dismiss, requiring the Court to enter an Order to Show Cause. The Order to Show Cause gave counsel until August 14, 2018 to respond to BONY's Motion, but she did not file a response until August 15, 2018. Chase then filed its Motion to Dismiss, and counsel filed an out-of-time motion for enlargement of time a day after the response was due. The Court granted

Accordingly, it is ORDERED AND ADJUDGED that:

1. Defendants The Bank of New York Mellon and JP Morgan Chase Bank, N.A.'s Motions to Dismiss (Docs. 11 and 18) are GRANTED.
2. This action is DISMISSED WITH PREJUDICE.
3. Defendant The Bank of New York Mellon's Motion for Sanctions (Doc. 20) is GRANTED to the extent the Court will award sanctions against Plaintiff Neil P. Dyer.
4. Defendant The Bank of New York Mellon may file a motion for attorneys' fees within fourteen (14) days from the date of this Order, including therein an exhibit with its attorneys' time records related to this case.
5. All pending motions are denied as moot.
6. The Clerk is directed to close this file.

**DONE** and **ORDERED** in Tampa, Florida, this 10th day of September, 2018.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

---

that motion and gave Dyer until September 6, 2018, to respond. Counsel did not respond by September 6, and the Court was forced to enter another Order to Show Cause. Dyer's counsel also failed to timely respond to BONY's Motion for Sanctions, filing the response a day late due to supposed issues with the Clerk's filing system. In the event counsel appears before this Court again, the Court expects her to either meet her filing deadlines, or alternatively file appropriate motions for enlargement of time instead of late responses as she did in this case.