# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

NEIL DYER,                                       Case No: 5:18-cv-323-JSM-PRL

      Plaintiff,

v.

BANK OF NEW YORK MELLON and JP
MORGAN CHASE BANK, NA,

      Defendants.

_____/

## PLAINTIFF'S OBJECTION TO DEFENDANT THE BANK OF NEW YORK MELLON'S MOTION FOR SANCTIONS AGAINST PLAINTIFF AND MOTION FOR RECONSIDERATION OF THE COURT'S AWARD OF SANCTIONS

**COMES NOW**, Plaintiff, Neil Dyer, (hereinafter "Plaintiff"), by and through the undersigned counsel, and hereby files this Response to Defendant The Bank of New York Mellon's ("Bony") Motion for Sanctions Against Plaintiff and Motion for Reconsideration of the Court's Award of Sanctions and states as follows:

**BONY is Not Entitled to Sanctions**

1.   In Levinson v. Holgate, No. 03-16532, (US Court of Appeals for the Ninth Circuit, September 30, 2005), the Court stated : "An attorney is subject to Rule 11 sanctions, among other reasons, when he presents to the court "claims, defenses, and other legal contentions . [not] warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]" Fed.R.Civ.P. 11(b)(2).   When, as here, a "complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry

before signing and filing it." Christian v. Mattel, Inc., 286 F.3d 1118, 1127 (9th Cir.2002) (internal quotations and citation omitted).   As shorthand for this test, we use the word "frivolous" "to denote a filing that is both baseless and made without a reasonable and competent inquiry."  citing Moore v. Keegan Mgmt. Co (In re Keegan Mgmt. Co., Sec. Litig.), 78 F.3d 431, 434 (9th Cir.1996).

The Court continued on to state: "The reasonable inquiry test is meant to assist courts in discovering whether an attorney, after conducting an objectively reasonable inquiry into the facts and law, would have found the complaint to be well-founded. " citing Christian, 286 F.3d at 1127.

2. In Gelles v. Skrotsky, 15 F. Supp. 2d 1293 (US District Court for the Middle District of Florida 1998) the Court stated: "In the Eleventh Circuit, three types of conduct warrant Rule 11 sanctions: (1)when a party files a pleading that has no factual basis; (2)when a party files a pleading that is based on legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3)when a party files a pleading in bad faith or for an improper purpose. See Didie v. Howes, 988 F.2d 1097, 1097 (11th Cir. 1993). Thus, this Court would have to find that Plaintiff's allegations are false, that he knew that his legal arguments would obviously fail, or that pled his actions with apparent bad faith."

The Court continues on to say: "Again, the Eleventh Circuit has outlined three prerequisites to the imposition of sanctions. See Didie, 988 F.2d at 1097. The movant here must establish that Plaintiff Gelles either lied about the facts, presented a knowingly faulty legal theory, or instituted the action in bad faith. See Id. The Court declines further investigation into the facts of the case,

as the facts have been largely stipulated to.[8] Therefore, Defendants cannot prove that Plaintiff lied about the facts of the case, and sanctions on those grounds accordingly fail.

Regarding the legal theories presented by the Plaintiff, this Court finds that while faulty, they were not so negligently presented as to warrant sanctions.[9] As the Plaintiff offered dated case law while disregarding more current, persuasive law and failed to tie the facts of the case to the applicable law the Plaintiff failed to assert any basis under which he could legally prevail in his action; however, sanctions are not automatically imposed against the losing party of a lawsuit. See Id. Sanctions are reserved for cases wherein a party has asserted facts and/or theories that were known to him to be false. See Id. Here, Plaintiff vociferously maintains the validity of his claim, clinging to a few cases which he argues support his position. While this Court finds that said cases do not support Plaintiff's theory, this Court cannot say with certainty that such arguments were made by Plaintiff with the knowledge of their falsity. Consequently, sanctions on these grounds fail as well.

Defendants offer Plaintiff's bad faith as a final argument in support of sanctions. This is the argument which the Court must consider most gingerly, as hard feelings are *1297 reflected in both parties's pleadings in the case sub judice. In granting the Defendants's motion to dismiss, this Court took the Plaintiff's allegations as true; in doing so, this Court assumed the Defendants were, indeed, guilty of fraudulent behavior. The Court thereafter found, however, that such behavior while not to be condoned did not spell a cause of action for the Plaintiff under ERISA. The Defendants were absolved of liability under ERISA, but that does not entitle them to sanctions under Rule 11. This Court reserves such sanctions for deliberate, frivolous, and wanton causes of action not merely actions dismissed upon motion.

As Defendants have failed to prove a basis for Rule 11 sanctions in the eyes of this Court, the motion for the same must be denied."

3. In Claudet v. First Federal Credit Control, Inc., 14-CV-2068  (M.D. Fla. Nov. 17, 2015) the Court imposed sanctions on the filer of an improper motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure.  The Court awarded attorney's fees AGAINST the filer of the improper Rule 11 motion, finding it was filed for an improper purpose (to harass opposing counsel) and was certainly not the outcome the filer had in mind. More interestingly, the Court did so without any motion from the non-movant.

**The Court in Claudet asserted that the Rule 11 motion's conclusory allegations, unsupported by evidence, that the Plaintiff's claims lacked merit was not enough to apprise a reasonable attorney that the claims, which turned on discrete factual issues, were frivolous. Indeed the Court observed that: "Perhaps the most startling aspect of Defendant's motion is the unsupported premise that defense counsel's proclamation of factual conclusions was the coup de gras. Under Defendant's theory, a reasonably competent attorney would have discharged his or her client's case based solely upon opposing counsel's statements regarding discrete factual issues — i.e., actual knowledge. Thus, Defendant's motion will be denied."**

4. Fed. Rule Civ. Proc. 11 provides in part as follows:

    (5) Limitations on Monetary Sanctions. **The court must not impose a monetary sanction**:

    (A) against a represented party for violating Rule 11(b)(2); or

    (B) on its own, **unless it issued the show-cause order under Rule 11(c)(3) before voluntary dismissal** or settlement of the claims made **by or against the party that is, or whose attorneys are, to be sanctioned. (Emphasis added)**

5. Contrary to Bony's claims in its Motion to Dismiss where it requested sanctions, Plaintiff's claims are not baseless and without merit and do not warrant Rule 11 sanctions. The claims were not barred by res judicata, collateral estoppel, as compulsory claims, litigation privilege or the statute of limitations. (See Plaintiff's Objection to Bony's Motion to Dismiss filed with the Court on August 15, 2018.

6. Under Florida law, it is emphasized that *Fla. Stat. § 57.105* should be exercised with restraint "to ensure that it serves the purpose for which it was intended." *See Bridgestone/Firestone, Inc. v. Herron*, 828 So. 2d 414, 419 (Fla. 1st DCA 2002).

7. The purpose of *Fla. Stat. § 57.105* (Florida Statutes counterpart to Rule 11) "is to discourage baseless claims [and] not to cast a chilling effect on use of the courts." *See Stevenson v. Rutherford*, 440 So. 2d 28, 29 (Fla. 4th DCA 1983).

8. In addition, Florida courts have been cautioned to use such a provision with restraint, and should not use a provision, like *Fla. Stat. § 57.105*, very liberally against parties. *See Strothman v. Henderson Mental Health Center, Inc.*, 425 So. 2d 1185 (Fla. 4th DCA 1983).

9. In reversing and remanding the trial court's award of attorneys' fees in Austin v. Laurato, PA v. State Farm Florida Insurance Company, 5D15-3616, (Fla. 5th DCA 2017) the 5th DCA stated: Section 57.105(1) permits a prevailing party to seek an award of attorney's fees, including prejudgment interest, against the losing party and the losing party's attorney in equal amounts if the court finds that the losing party and its attorney knew or should have known that the claim or defense "[w]as not supported by the material facts necessary to establish the claim or defense" or "[w]ould not be supported by the application of then-existing law to those material facts." **However, monetary sanctions may not be awarded "if the court determines**

**that the claim or defense was initially presented to the court as a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law, as it applied to the material facts, with a reasonable expectation of success.**" § 57.105(3)(a), Fla. Stat. (2012). A trial court's findings on imposing attorney's fees as a sanction under section 57.105(1) must "be based upon substantial competent evidence presented to the court at the hearing on attorney's fees or otherwise before the court and in the trial record." Blue Infiniti, LLC v. Wilson, 170 So. 3d 136, 140 (Fla. 4th DCA 2015) (quoting Montgomery v. Larmoyeux, 14 So. 3d 1067, 1073 (Fla. 4th DCA 2009)).

10.  An order awarding attorney's fees as a sanction under section 57.105(1) "must include findings by the trial court to support the award." Goldberg v. Watts, 864 So. 2d 59, 60 (Fla. 2d DCA 2003) (citing Mason v. Highlands Cty. Bd., 817 So. 2d 922, 923 (Fla. 2d DCA 2002)). **"[T]he trial court must find that there were no justiciable issues of law or fact and that the losing party's attorney did not act in good faith based on the representations of his or her client."** Siegel v. Rowe, 71 So. 3d 205, 211 (Fla. 2d DCA 2011) (quoting Weatherby Assocs., Inc. v. Ballack, 783 So. 2d 1138, 1143 (Fla. 4th DCA 2001)).

11.  In the Siegel case the Court goes on to say: "Here, the order on entitlement to attorney's fees contains a recitation of the facts of the case, but only two findings related to sanctions. The first, in paragraph 14, was that after the motion for sanctions was served on them, Cleophat and Law Firm "refused to take corrective action and pursued the lawsuit without pause." The second, found in paragraph 18, was that "the [p]laintiff and her attorneys failed to show any good faith basis for the action." **Standing alone, such findings are insufficient to assess attorney's fees against an attorney for the losing party as there must also be a finding that counsel knew or should have known at the time the complaint was filed that the claims against State Farm were not supported by material facts necessary to establish the claims**

**or were not supported by the application of then-existing law to the material facts.** See Ballack, 783 So. 2d at 1143. The trial court must also consider whether the claim was "initially presented to the court as a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law" because such a finding would preclude sanctions under section 57.105. See § 57.105(3)(a), Fla. Stat. (Emphasis Added)

12. Florida courts have consistently held that lawsuits that contain some frivolous arguments are not sanctionable under Section 57.105 of the Florida Statues if they otherwise contain challenges which "rise issues which are not so frivolous and completely untenable." See, *Brockway v. Town of Gulfview* 675 So. 2d. 699 (Fla. 4th DCA 1996) *Siegel v Rowe*, 71 So. 3d, 205 (Fla. 2d DCA 2011); and *Langford v Ferrera*, 823 So. 2d 795 (Fla. 1st DCA 2001). As stated by the Second District in Siegel, "[t]rial courts must be cautious not to award attorney's fees under Section 57.105 merely because a party's defense [or claim] is unavailing." Id. At 212. Contrary to the Defendant's argument, even the granting of Motion to Dismiss does not entitle a prevailing party to fees pursuant to § 57.105, F.S. See *Mason v. Highlands County*, 817 So 2d 922 (Fla. 2d DCA 2002).

13.   The Court may consider bad faith as the basis for limiting or denying a  fee award regardless of need and ability to pay. *Flannery v. Crowe*, 720 So. 2d 308 (Fla. 4th DCA 1998); *Rosa v. Rosa*, 723 So. 2d 312 (Fla. 4th DCA 1998). In *Rosen v. Rosen*, 696 So. 2d 697 (Fla. 1997), the Court said the Court may also consider any factor necessary to do justice and equity when determining a fee award.

14. By its plain terms, FS 57.105 requires as a prerequisite to an attorney's fee award thereunder that the losing party in a civil litigation  raise issues for determination which in their entirety completely lack justiciability in law and fact, or, in other words, are frivolous.  *Sachs v. Hoglund*, 397 So. 2d 447, 448 (Fla. 3d DCA 1981)

15. Finally, an award of attorney's fees, per *Fla. Stat. § 57.105*, is appropriate only when an action is "so clearly devoid of merit both on the facts and the law as to be completely untenable." *See Brinson v. Creative Aluminum Prods.*, 519 So. 2d 59, 60 (Fla. 2d DCA 1988).

16. In this case, Plaintiff is not entitled to an award of attorney's fees. The claims stated in the Complaint clearly show Plaintiff did not raise issues that are wholly frivolous or totally devoid of merit.

17. Plaintiff requests that the Court please note that this action is primarily for fraud/misrepresentation by Defendant Bony. Bony has NOT addressed the issue in this case. No evidence has been presented by Defendant to contradict the Michaels Report as to the alleged "Original Promissory Note", that is a computer-generated forgery.

18. Defendant states in its initial Motion for Sanctions at the bottom of page 7, "The original note was not filed at that time but was clearly filed on July 17, 2014.". This is simply an untruth! The Plaintiff's "Original Promissory Note" has never been provided to the Lake County Circuit Court as indicated by the Michaels Report.

19. Florida Rule Civ. Proc. 1.540(b) provides Plaintiff the right to bring this lawsuit as an independent action.

20. There is no "Original Promissory Note".  Defendant created a fraudulent note as a basis to permit them to improperly/fraudulently collect a debt from Plaintiff.

21. Defendant has had ample time to produce evidence to contradict the report of document analyst expert Gary Michaels as to the alleged "Original Promissory Note" but has done nothing since they became aware of the Report and Affidavit. Mr. Michaels' Report shows that the alleged "Original Promissory Note" produced by Defendant to the Plaintiff and the Lake County

Circuit Court in the foreclosure case by Defendant against Plaintiff is not an original "wet-ink" note but rather it is a computer generated document, a forgery.

22. Defendant's Counsel are now complicit in Defendant's fraud/misrepresentation because they have the pertinent information as to the forged note and have taken no action to dispute Mr. Michaels' conclusions or to resolve the fraud/misrepresentation to Plaintiff.

**Defendants Committed Fraud on the Court and Plaintiff**

23. Bony has relentlessly engaged in the pursuit of illegally conspiring to foreclose on Plaintiff. Defendant and Defendant's Counsel appear to be involved in a scheme involving illicit document manufacturing, providing perjured testimony in support thereof, and the filing of false affidavits. As part of the conspiracy to establish the validity of the debt allegedly owed by Plaintiff, Bony provided to Plaintiff and the Lake County Florida Circuit Court a forged, fabricated, or otherwise counterfeited document with the specific intent to represent such forged, fabricated, or otherwise counterfeited document as the actual "Original Promissory Note" signed by Plaintiff at the closing table. Defendant's presentation and willful admission of the above described forged document, that are continuously referenced to by Bony as the "Original Promissory Note", are criminal acts that constitute direct violations of the following enumerated Florida Criminal Statutes that encompass the criminal acts related to the Note's forgery and it's further utterance. (**See Section II of Plaintiff's Objection to Bony's Motion to Dismiss Complaint.**)

24. Defendant has committed fraud on Plaintiff and the Lake County Florida Circuit Court by providing a document as an original note which is not an original document and obtaining a foreclosure judgment and proceeding to sale based on same.

25. For the last 140 years, the US Supreme Court decision in U.S. v. Throckmorton, 98 U.S. 61 (1878) has held: "There is no question of the general doctrine that fraud vitiates the most solemn contracts, documents, and even judgments." And the Court continued on to state "Fraud vitiates everything, and a judgment equally with a contract - "

**Defendant is not Entitled to Equitable Relief Based on Forged Documents**

26. It is this Honorable Court's inherent authority and solemn duty to confront the fabrication of evidence by a party and their attorney. This is "indispensable to the proper administration of justice, because no litigant has a right to trifle with the Courts."). In Ramey v. Haverty Furniture Companies, Inc., 993 So. 2d 1014, 1018 (Fla. 2nd DCA 2008 the Court wrote:

> **"[T]ampering with the administration of justice in the manner indisputably shown here involves far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated consistently with the good order of society." Id. at 1020-21(emphasis added), citing, Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 246, 64 S. Ct. 997, 88 L. Ed. 1250 (1944), receded from on other grounds by Standard Oil Co. of Cal. v. United States, 429 U.S. 17, 97 S.Ct. 31, 50 L. Ed.2d 21 (1976).**

27. Plaintiff is entitled to an Evidentiary Hearing on the fraud issue. This Court has a solemn responsibility as the gatekeeper of justice to properly deal with a properly asserted issue of fraud. The remedial and equitable nature of the Court's duties to protect parties from losses due to fraud embodies a very important public policy.

Fed. Rule Civ. Proc. 60(d) provides in pertinent part follows:

d) Other Powers to Grant Relief. This rule does not limit a court's power to:

(1) entertain an independent action to relieve a party from a judgment, order, or proceeding; or

(3) set aside a judgment **for fraud on the court**.  (Emphasis added)

28. Rule 60(d)(3) was added in 1948. The framer's intention may best be indicated in the Advisory Committee's discussion of the rule:

> The amendment . . . mak[es] fraud an express ground for relief by motion; and under the saving clause, fraud may be urged as a ground for relief by independent action insofar as established doctrine permits. And the rule expressly does not limit the power of the court . . . to give relief under the savings clause. As an illustration of the situation, see *Hazel-Atlas Glass Co. v. Hartford Empire Co.* [322 U.S. 238 (1944)].

29. In the Hazel Atlas case, the Supreme Court stated:

> [e]very element of the fraud here disclosed demands the exercise of the historic power of equity to set aside fraudulently begotten judgments. This is not simply a case of a judgment obtained with the aid of a witness who, on the basis of after-discovered evidence, is believed possibly to have been guilty of perjury.  Here, even if we consider nothing but Hartford's sworn admissions, we find a deliberately planned and carefully executed scheme to defraud not only the Patent Office but the Circuit Court of Appeals.

30. Additionally, although Hazel may not have exercised proper diligence in the uncovering of the fraud, the Court thought that immaterial.  Hazel-Atlas at 146.

31. The Court continued on to say:

> Furthermore, tampering with the administration of justice in the manner indisputably shown here involves far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated consistently with the good order of society. Surely it cannot be that preservation of the integrity of the judicial process must always wait upon the diligence of litigants. The public welfare demands that the agencies of public justice be not so impotent that they must always be mute and helpless victims of deception and fraud.

32. The United States Supreme Court—in a case a few years after the *Hazel-Atlas* case discussed some of the appropriate procedures used in adjudicating fraud on the court claims:

The power to unearth such a fraud is the power to unearth it effectively. Accordingly, a federal court may bring before it by appropriate means all those who may be affected by the outcome of its investigation. But if the rights of parties are to be adjudicated in such an investigation, the usual safeguards of adversary Universal Oil Products Co. v. Root Refining Co., 328 U.S. 575 at 580(1946).

33. The integrity of the civil litigation process depends on truthful disclosure of facts. A system that depends on an adversary's ability to uncover falsehoods is doomed to failure, which is why this kind of conduct must be discouraged in the strongest possible way.  Robinson v. Weiland 988 So. 2d 1110 (Fla. Dist. Ct. App. 2008)

34. In Qantum Communications Corporation v. Star Broadcasting, 473 F. Supp. 2d 1249 (S.D. Fla. 2007), one district court in the Eleventh Circuit granted the ultimate sanction of striking Defendants' answers and entering default judgments  and explained:

"Ultimate sanction" cases ultimately rest upon the conviction that no lesser sanction will prevent the offending litigant from continuing to lie or distort the truth so pervasively that it "prevent[s] the opposing party from fairly presenting his case or defense." Use of the "ultimate sanction" addresses not only prejudice suffered by the opposing litigants, but also vindicates the judicial system as a whole, for such misconduct threatens the very integrity of courts, which otherwise "cannot command respect if they cannot maintain a level playing field amongst participants".

Those who lie, evade and fail to tell the *whole* truth obviously enjoy an advantage over honest litigants. The victimized opponent winds up, as in this case, consuming substantial resources to respond to and "undo" the victimizer's lies and distortions. Here plaintiffs did just that by resorting to third party discovery, then confronting King with contradictory documents, and even his own testimonial contradictions. Rather than confront the Cobb, Miller and Stackhouse deposition/affidavit testimony showing that King defrauded plaintiffs and lied under oath (e.g., by submitting an additional affidavit denying the otherwise damning facts to which they testified), King simply moved, on technical grounds, to exclude their testimony, citing facially inapposite case law. His silence and ultimately futile litigational response speak volumes. In the meantime, the Court itself is prevented from actually reaching the merits of the case-as well as resolving other cases-by having to stop and, as it has done here, exhaustively examine what is, at bottom, sanctionable perjury and fraud upon the Court. *Chemtall, Inc. v. Citi-Chem, Inc.,* 992 F. Supp.1390, 1409-10 (S.D. Ga. 1998) (internal citations omitted)

In summary, this Court concludes that Defendants engaged in an "unconscionable scheme calculated to interfere with the judicial system's ability [to] impartially . . . adjudicate a matter by …unfairly hampering the presentation of the opposing party's claim" and that Plaintiff is entitled to the entry of default judgement as to liability on all counts. *See Vargas,* 901 F. Supp at 1579; *Chemtall, Inc.,* 992 F. Supp. at 1410.

Defendants attempted to obtain judicial relief based upon fraudulent means. As the district court in *Vargas* observed: "Litigants must know that the courts are not open to persons

who would seek justice by fraudulent means." *Vargas,* 901 F. Supp. at 1582. "Use of the `ultimate sanction' addresses not only prejudice suffered by the opposing litigants, but also vindicates the judicial system as a whole, for such misconduct threatens the very integrity of courts, which otherwise `cannot command respect if they cannot maintain a level playing field amongst participants.'" *Chemtall, Inc.,* 992 F. Supp. at 1409

35. The facts provided by Plaintiff, contained within the expert forensic document examination report by Gary Michaels, relate directly to Bony's fraud and have been clearly enumerated. The Michael's Report provides substantial proof necessitating an evidentiary hearing as provided under Florida law before the court rules on the merits of the case. *See Casteel v. Maddalena*, 109 So. 3d 1252 (Fla 2nd DCA 2013).

36. In *Casteel,* the Appellate Court explained that remand was *required* because the trial Court did not conduct a due diligence analysis for purposes of determining whether *Maddalena* should obtain relief based on newly discovered evidence pursuant to rule 1.540(b)(2). **The Michael's Report is such evidence.**

37. The trial court did not make a finding as to whether *Maddalena* had proven due diligence. Instead, the trial court found that ***"[a] party is not re-quired to anticipate false testimony and therefore is not required to discover evidence that would refute it."*** (*citing McDonald v. Pickens*, 544 So.2d 261 (Fla. 1st DCA 1989)), and that ***"[t]here appears to be no case law supporting the proposition [that] a party must demonstrate due diligence before claiming that a case was affected by fraud."*** (citing *Dynasty Express Corp.*, 675 So.2d 235). (In the instant case, defendant raised the fraud issue with the court as soon as was reasonably possible.) *Id.*

38. Florida' appellate Courts have spoken loud and clear, unambiguously, and with uniformity when addressing parties seeking relief from fraud and the necessity of evidentiary hearings to flush out the facts in open court. "In circumstances where the moving party's allegations raise a colorable entitlement to rule 1.540(b) relief, a formal evidentiary hearing on the motion, as well

as permissible discovery prior to the hearing, is required." *See Bell Tel. Co. v. Welden*, 483 So.2d 487, 489 (Fla. 1st DCA 1986).

> "**When a party files a motion for relief from judgment pursuant to rule 1.540(b)(3) based upon an adverse party's fraud or misconduct and the moving party clearly specifies the fraudulent conduct, the trial court must hold an evidentiary hearing before ruling on the motion**. *Rosenthal v. Ford,* 443 So.2d 1077, 1078 (Fla. 2d DCA 1984); *Dynasty Express Corp. v. Weiss,* 675 So.2d 235, 239 (Fla. 4th DCA 1996); *S. Bell Tel. & Tel. Co. v. Welden,* 483 So.2d 487, 489 (Fla. 1st DCA 1986). The purpose of such a hearing is to permit the trial court to assess the credibility of the allegations. *See Rosenthal, supra.,* 443 So.2d at 1078. The failure to hold an evidentiary hearing, in the face of specific allegations of fraudulent conduct, constitutes reversible error. *See Novastar Mortg., Inc. v. Bucknor,* 69 So.3d 959, 960 (Fla. 2d DCA 2011); *Rosenthal, supra.,* 443 So.2d at 1078–79.

39. In *Risch v. Bank of America* (2nd DCA  2011) the 2nd DCA went so far as to ensure that Defendant not only received and evidentiary hearing but that the hearing afforded *Risch* the opportunity to present evidence to the court. "The record shows that the trial court conducted a hearing on Ms. Risch's motion; however, there was no evidence presented. Since Ms. Risch's motion asserted allegations of misrepresentation, which might give rise to relief pursuant to rule 1.540(b)(3), and since she attached an affidavit and records which could support her claim, we reverse and remand for an evidentiary hearing. See S. Bell Tel. Tel. Co. supra., 483 So. 2d 487, 489 ("[W]here the moving party's allegations raise a colorable entitlement to rule 1.540(b)(3) relief, a formal evidentiary hearing on the motion, as well as permissible discovery prior to the hearing, is required."); see also Rosenthal supra., 443 So. 2d 1077, 1078 ("The credibility of

appellant's allegations should only be determined by the trial court after an evidentiary hearing thereon."). Reversed and remanded." *Risch* supra

40. In June of 2018 the Second District Court of Appeals reiterated the requirement for an evidentiary hearing under 1.540(b) when the lower Court is presented with a "colorable claim" *Bayview Loan Servicing, LLC v. Dzidzovic* Case No. 2D17-3608 (2nd DCA. Jun. 22, 2018) "Second, the trial court failed to conduct an evidentiary hearing on the motion. "Where a motion under rule 1.540(b) sets forth 'a colorable entitlement to relief,' the trial court should conduct an evidentiary hearing to determine whether such relief should be granted." *Cottrell v. Taylor, Bean & Whitaker Mortg. Corp.*, 198 So. 3d 688, 691 (Fla. 2d DCA 2016) (quoting *Chancey v. Chancey,* 880 So. 2d 1281, 1282 (Fla. 2d DCA 2004)). Mr. Dzidzovic's allegation that the parties entered a loan modification agreement was a colorable claim for rule 1.540(b) relief. Cf. *Nowlin v. Nationstar Mortg., LLC,* 193 So. 3d 1043, 1045 (Fla. 2d DCA 2016) ("We conclude that there was a valid modification agreement between BAC and the *Nowlins* and, therefore, the trial court erred in entering the judgment of foreclosure."). Further, "[a] trial court errs in granting a motion for relief from judgment without affording the opposing party an opportunity to be heard at an evidentiary hearing." *Arcila*, 145 So. 3d at 898; *Novastar Mortg., Inc., supra.* (holding that the trial court erred in granting rule 1.540(b)(3) motion to vacate without holding evidentiary hearing where allegations supported granting motion, but opposing party presented conflicting affidavit); *Avi-Isaac v. Wells Fargo Bank, N.A.*, 59 So. 3d 174, 177 (Fla. 2d DCA 2011) (reversing and remanding order granting the bank's motion to vacate sale because the purchaser "did not have a meaningful opportunity to be heard when he was denied an evidentiary hearing where he could contest the facts alleged in the affidavit"); *McCrea v. Deutsche Bank Nat'l Trust Co.,* 993 So. 2d 1057, 1058-59 (Fla. 2d DCA 2008) (holding that the trial court's failure to conduct a hearing

before vacating a prior order of dismissal based upon ex parte communications with only one of the parties improperly excluded the other party from addressing whether the order should be vacated as the product of mistake under rule 1.540(b)); *Monsour v. Balk,* 705 So. 2d 968, 969 (Fla. 2d DCA 1998) (holding that trial court erred in denying motion for relief from judgment without "conducting an evidentiary hearing to determine whether or not the facts in the affidavits could be proven"); *Schuman v. Int'l Consumer Corp.,* 50 So. 3d 75, 77 (Fla. 4th DCA 2010) ("[T]he motion for relief from judgment stated a claim of 'colorable entitlement to relief' that would require the trial court to conduct an evidentiary hearing before dismissing. Under Florida Rule of Civil Procedure 1.540(b), relief from judgment is only available under limited circumstances." *Dawson v. Wachovia Bank, N.A.*, 61 So. 3d 1218, 1221 (Fla. 3d DCA 2011). If a defendant seeks relief from a judgment based upon fraud, he must specify the fraud with particularity and explain why the fraud, if it exists, would change the outcome of the case. *U.S. Bank Nat'l Ass'n v. Paiz,* 68 So. 3d 940, 944 (Fla. 3d DCA 2011); *Freemon v. Deutsche Bank Trust Co. Americas,* 46 So. 3d 1202, 1204 (Fla. 4th DCA 2010). The plaintiff must raise a prima facie case of fraud, rather than "nibble at the edges of the concept" through speculation and supposition. See *Paiz,* 68 So. 3d at 944."*Bayview* supra.

41.   Plaintiff's allegations of fraud are based on factual scientific data, they are not hyperbole, and they are not based on opinion. The alleged "original promissory note" is fraudulent, VOID, and unenforceable. "Here, it is undisputed that Borrowers' signatures on the mortgage were forged. Consequently, there was no valid contract between Borrowers and Wells Fargo. *See Jamnadas v. Singh*, 731 So. 2d 69, 70 (Fla. 5th DCA 1999) ("A forged mortgage is void, a legal nullity." (citing *Se. Bank, N.A. v. Sapp*, 554 So. 2d 1193 (Fla. 1st DCA 1989))....Forgery exists under Florida law where the defendant makes a writing which falsely purports to be the writing

of another, made with the intent to injure or defraud any person. The instrument in question additionally must have some legal efficacy. *See Rushing v. State,* 684 So.2d 856 (Fla. 5th DCA 1996), reh.denied, 694 So.2d 739 (Fla. 1997). See also § 831.01, Fla. Stat. The complaint alleges facts tending to establish each of these elements." *Jamnadas* supra.

42. **The Courts have well recognized that case law supports the proposition that there is no due diligence requirement where the adverse party knowingly puts on or uses false testimony. See McDonald supra., and Roberto v. Allstate Ins. Co., 457 So.2d 1148, 1150 (Fla. 3d DCA 1984).**

43. Bony has presented to the Lake County Circuit Court, a collection of documents, deemed necessary under Florida Law to commence the filing of a foreclosure action against Plaintiff. One of these documents admitted into evidence is alleged by Bony to be Plaintiff's "Original Promissory Note", supposedly signed by Plaintiff at inception of the loan. This document, alleged to be the "Original Promissory Note" is IN FACT a forgery, a counterfeit, a recreation, being presented to the Court and Plaintiff in place of the actual "Original Promissory Note". Forensic examination results are as set forth in the Report and Affidavit of document expert analyst Gary Michaels.

44. Plaintiff asserts this Honorable Court deserves the opportunity to fully scrutinize with prudence and skepticism the Plaintiffs' allegations, against Bony and Bony's Counsel, the current forensic evidence, and even further examine near future forensic evidence being developed in support thereof.

45. Bony, through its Counsel, was put on notice with the patent evidence of fraud outlined in the Michael's Report. Plaintiff's **UNREBUTTED** evidence should be the facts of the case unless Bony can produce evidence that can genuinely rebut Mr. Michaels.

46. The forensic results from the Plaintiff's examination are adequate evidence to shift the burden to Bony. Bony's Counsel had a fiduciary responsibility to immediately inform their client of both of the possibility that the document upon which Bony was relying was fraudulent and could expose Bony to tremendous liability if they then continued to unlawfully pursue wrongfully foreclosing on the Plaintiff *after* being alerted to that information.

**Plaintiff was entitled to a one-time amendment to Complaint per Fed. Rule of Civ. Proc 15**

47. As pled in Plaintiff's Objection to Bony's Motion to Dismiss, Plaintiff was entitled to a one time amendment to the Complaint as provided by Fed. Rule Civ. Proc. 15.

48. Fed. Rule Civ. Proc. 15 gives the Court authority to permit a party to amend their pleadings. The Rule states: "The court should freely give leave when justice so requires." Plaintiff asserts justice so requires in the case at bar. The Court should have permitted Plaintiff a one-time amendment the Complaint in the interest of equity and justice.

49. Public policy favors the liberal amendment of pleadings so that cases can be tried on their merits. See Sun Valley Homeowners, Inc. v. American Land Lease, Inc., 927 So. 2d 259 (Fla. 2nd DCA 2006).

50. A one-time amendment to a Complaint should be granted unless it clearly appears the amendment would prejudice the opposing party, the privilege to amend has been abused, or the amendment would be futile. e.g. Bill Williams Air Conditioning & Heating v. Haymarket Coop. Bank, 592 So. 2d 302, 305 (Fla. 1st DCA 1992), rev. dismissed, 598 So. 2d 76 (Fla. 1992). Also see Morgan Co. Inc. v. Orange County, 818 So. 2d 640 (Fla. 5th DCA 2002); Greene v. Well Care HMO, Inc., 778 So. 2d 1037 (Fla. 4th DCA 2001).

51. Plaintiff had not yet amended the Complaint when the Court dismissed the case with prejudice and a responsive pleading had not been filed.

52. The Court erred in dismissing the Complaint and awarding sanctions to Bony without permitting Plaintiff to amend the Complaint.

## **CONCLUSION**

53. As indicated herein, Bony's Motion for Sanctions should be denied and the Court's Order awarding sanctions to Bony vacated.  Plaintiff's claims were not baseless or frivolous and were supported by applicable law. Plaintiff requests that the Court set an evidentiary hearing on the issues of Bony's fraud on the Court and Plaintiff.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by the CM/ECF filing system to the parties listed below on this 9th day October, 2018:  Gina L. Bulecza, Esq., McGlinchey Stafford, PLLC, 10407 Centurion Parkway N., Suite 200 Jacksonville, FL 32256 , gbulecza@mcglinchey.com mnew@mcglinchey.com;   Matthew D. Morton, McCalla Raymer, LLC., 201 N. Franklin St. Ste. 1375 Tampa, FL 33602, matthew.morton@mccalla.com, mrservice@mccalla.com.

Respectfully Submitted,

*/S/Andrea M. Roebuck*
Andrea M. Roebuck, Esq.
FBN: 0089386
Best Defense Law, P.A.
100 Colonial Center Parkway, Suite 140

Lake Mary, FL 32746
Primary email:
aty.assistant@gmail.com
Secondary:
ammrroebuck@gmail.com