UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

NEIL DYER,

    Plaintiff,

v.                                                                                  Case No: 5:18-cv-323-Oc-30PRL

BANK OF NEW YORK MELLON and JP
MORGAN CHASE BANK, NA,

    Defendants.

## ORDER

THIS CAUSE comes before the Court on Defendant Bank of New York Mellon's ("BONY") Motion for Attorneys' Fees (Doc. 28) after this Court agreed to award BONY attorneys' fees as a sanction against Plaintiff (Doc. 27). Plaintiff did not respond to the Motion.[1] Having reviewed the Motion and time records, the Court concludes BONY should be awarded attorneys' fees of $6,180.

Calculating an appropriate fee award under federal law involves a two-step process. *See Norman v. Hous. Auth. of City of Montgomery,* 836 F.2d 1292, 1299–1302 (11th Cir. 1988). The court first calculates the "lodestar" by taking the number of hours

---

[1] Instead of responding to the Motion, Plaintiff filed an "Objection to Defendant The Bank of New York Mellon's Motion for Sanctions against Plaintiff and Motion for Reconsideration of the Court's Award of Sanctions." (Doc. 29). As with all of Plaintiff's filing in this case, the Objection was not filed until the day after his response was due. *See* Doc. 27, n. 10. Plaintiff completely fails to address the amount of attorneys' fees BONY is requesting or the reasonableness of such fees in the Objection, and instead attempts to relitigate the issues the Court previously addressed. But the day after filing the Objection, Plaintiff appealed the Court's dismissal of his action and award of sanctions, which divested this Court of jurisdiction to rule on the arguments raised in the Objection. *See Green Leaf Nursery v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1292, 1309 (11th Cir. 2003). So the Court will proceed without a response from Plaintiff as to the merits of BONY's request for attorneys' fees.

reasonably expended on the litigation and multiplying it by a reasonable hourly rate. *See id.* The court may then adjust the lodestar upward or downward based on an evaluation of the factors articulated in *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983), that have not been subsumed in the lodestar calculation. *See id.; see also Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir. 1974) (enumerating factors to be considered).[2]

Having reviewed the affidavits and time sheets submitted by BONY and considering the *Hensley* factors, the Court concludes BONY is entitled to $6,180 in attorneys' fee. In reaching that result, the Court concludes that BONY is entitled to (1) a lodestar rate of $260/hour for 13 hours worked by defense counsel's associate attorneys, and (2) a lodestar rate of $350/hour for 8 hours worked by defense counsel's partners.

Accordingly, it is ORDERED AND ADJUDGED that:

1. Defendant Bank of New York Mellon's Motion for Attorneys' Fees (Doc. 28) is GRANTED.

2. The Clerk is directed to enter a judgment in favor of Defendant Bank of New York Mellon and against Plaintiff Neil Dyer in the amount of $6,180.00.

**DONE** and **ORDERED** in Tampa, Florida, this 24th day of October, 2018.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

---

[2] The Eleventh Circuit has adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981. *See Bonner v. City of Prichard, Ala.,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).